**PATE v. STANDARD DREDGING CORP.**

No. 13405.

United States Court of Appeals Fifth Circuit.

Jan. 11, 1952.

Rehearing Denied Feb. 6, 1952.

Arthur J. Mandell, Houston, Tex., for appellant.

Albert J. DeLange, C. M. Hudspeth and E. J. Pitman, all of Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This civil action at law to recover damages under the Merchant Marine Act of 1920, 46 U.S.C.A. § 688, commonly called the Jones Act, and for maintenance, was commenced by appellant, John E. Pate, in the District Court of Harris County, Texas, 80th Judicial District, and was removed by appellee, Standard Dredging Company, to the United States District Court for the Southern District of Texas on the ground of diversity of citizenship and requisite jurisdictional amount in controversy. A motion by appellant to remand the case to the state court was overruled. Thereafter, the case came on for trial and the court below made findings of fact and conclusions of law in favor of appellee and entered judgment accordingly. This appeal followed.

At the outset we are met with appellant's contention that the suit was improperly removed to the federal District Court and that the court erred in refusing to remand it. Appellant argues that a seaman may choose his forum for litigation of a cause of action for negligence under the Jones Act and once lodged in the State court the suit may not be removed to the federal courts. Appellee, on the other hand, claims that the court below did not err in its refusal to remand the case to the state court and sets forth three grounds in support of its contention: (1) that there is no longer any statute prohibiting the removal of a case brought in the state courts under the Jones Act; (2) that a cause of action for damages based on unseaworthiness is separate and independent from a cause of action under the Jones Act and is removable; and

(3) that the cause of action for maintenance and cure affords a basis for removal in that it is·a separate and distinct cause of action which would be removable if sued upon alone and, therefore, the entire case could be removed.

■ Appellee's first point, that there is no longer any statute prohibiting removal of a case brought in the State courts under the Jones Act, is not well taken. The Jones Act provides that any seaman suffering personal injury in the course of his employment may, at his election, maintain an action for damages at law against his employer with the right of trial by jury, and in such action *all statutes* of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply. The act thus incorporates by reference and makes applicable to seamen injured in the course of their employment all statutes of the United States modifying or extending the common-law right or remedy in cases of injuries to railway employees. One such statute, the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq. contained a provision, 45 U.S.C.A. § 56, that the jurisdiction of courts of the United States in such actions should be concurrent with that of the courts of the several states and that no case arising under the Act and brought in any State court of competent jurisdiction should be removed to a federal court. This provision did not in and of itself constitute any modification or extension of a common-law right or remedy, yet it was a part of a statute which did modify a common-law right or remedy, and was naturally held to have been appropriated by the Jones Act along with the other provisions of the Federal Employer's Liability Act. This statute, however, was not the only statute of the United States barring removal of actions brought under the Federal Employer's Liability Act. Section 71 of old Title 28, United States Code, provided that no case arising under the Federal Employer's Liability Act and brought in any State court of competent jurisdiction should be removable to any federal court. This provision likewise precluded removal of actions brought in State courts under the Jones Act.

■ It is true that by Section 18 of the Act of June 25, 1948, 62 Stat. 989, the Federal Employer's Liability Act was amended by omitting from section 56 of the Act the provision above-mentioned relating to removal of actions. However, section 1445 (a) of new Title 28, which was also a part of the Act of June 25, 1948, re-enacted the aforementioned provision of section 71 of old Title 28 precluding the removal from State to federal courts of actions brought under the Federal Employer's Liability Act. Therefore, new Title 28, United States Code, § 1445(a), now bars removal to the federal courts of any action brought under the Federal Employer's Liability Act; and the pertinent provisions of the Jones Act, incorporating by reference *all statutes* of the United States modifying or extending a common-law right or remedy in cases of personal injuries to railway employees, is still in full force and effect. It follows that actions brought by seamen in the state courts under the Jones Act are not removable to the federal courts. This conclusion is supported by the adjudicated cases. Gutierrez v. Pacific Tankers, D.C., 81 F. Supp. 278; Greene v. United Fruit Co., D.C., 85 F.Supp. 81; Moltke v. Intercontinental Shipping Corporation, D.C., 86 F. Supp. 662, 663; Ducoff v. Cities Service Oil Company, D.C., Tex., 102 F.Supp. 423.

■ Appellee's second point is that appellant's suit in tort for damages is not based exclusively on the Jones Act but includes a cause of action for unseaworthiness as well. On the basis of this premise it is argued that the cause of action for unseaworthiness is separate and independent from that under the Jones Act; and that, therefore, regardless of what may be the present rule with respect to removal of cases based solely on the Jones Act, such rule cannot apply here and the entire case was properly removed to the District Court. We do not agree. By the general maritime law of the United States prior to the Jones Act, in cases where a seaman fell sick while in the service of the ship, the vessel and her owner were liable for maintenance and

cure and were liable also to an indemnity for injuries received by a seaman as a result of the unseaworthiness of the ship and her appliances; but the seaman could not recover indemnity for injuries sustained through the negligence of the master or any member of the crew. The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760; Pacific S.S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220; Smith v. Lykes Bros.-Ripley S. S. Co., 5 Cir., 105 F.2d 604. The Jones Act, however, modified the prior maritime law of the United States by giving to seamen injured through negligence a right of action *in personam* against the employer. The Jones Act did not exclude the seaman's admiralty right to maintenance and cure nor his resort to the maritime remedy for injury due to the unseaworthiness of the vessel but some of the courts have indicated by way of *obiter dictum* that an injured seaman must elect whether to found his action upon unseaworthiness under the maritime law or to bottom it upon negligence under the Jones Act. The more recent cases, however, held that such election of remedies is not required. McCarthy v. American Eastern Corporation, 3 Cir., 175 F.2d 724; Balado v. Lykes Bros. S.S. Co., 2 Cir., 179 F.2d 943. This question of election of remedies we need not decide but we shall rest our decision on the broad principle that a suit under the Jones Act for negligence and under the maritime law for unseaworthiness, where there is but a single wrongful invasion of a single primary right, are not separate and independent claims or causes of action within the meaning of Title 28, United States Code, Section 1441(c).

In Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 602, 71 L.Ed. 1069, Phillips first filed a libel in admiralty based upon negligence of the owner in failing to provide proper gear and tackle and a safe place to work and for unseaworthiness and insufficiency of the gear and tackle employed aboard the vessel. Judgment was entered against Phillips in the admiralty action on the ground that the accident was not due to the causes alleged in the libel but was due to the grossly negligent way in which dunnage was taken out of the hold.

Thereafter, Phillips brought a civil action under the Jones Act bottomed upon negligence of the officers and crew and secured a judgment. This judgment was reversed by the Supreme Court upon the ground that the civil action in which it was rendered was based upon the same cause of action as had been involved in the prior admiralty suit. The court reasoned that Phillips had suffered but one actionable wrong and was entitled to but one recovery, whether his injury was the result of unseaworthiness of the vessel or the negligence of the owner as defined by the maritime law or the negligence of the officers and crew. In discussing the meaning of the term "cause of action", the court said, 274 U.S. at page 321, 47 S.Ct. at page 602:

"Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong, and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence, or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show."

In the case at bar there is also but a single wrongful invasion of a single right of appellant. In American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, the court had before it for consideration the new provision of the Judicial Code governing removal, 28 U.S.C. § 1441 (c). In that case, the court quoted the above statement of Mr. Justice Sutherland in Baltimore S.S. Co. v. Phillips and said, 341 U.S. at page 14, 71 S.Ct. at page 540: "* * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

Assuming arguendo, as appellee would have us do, that appellant's petition sets forth a claim for indemnity for injuries received as a result of unseaworthiness un-

502

der the maritime law as well as a claim for damages under the Jones Act for negligence, we are in no doubt that these claims did not constitute separate and independent causes of action within the meaning of Title 28, section 1441(c).

 Appellee's third point is likewise without merit. Appellee contends that the claim for maintenance and cure is a separate and independent claim or cause of action between citizens of different states and would be removable if sued upon alone. The principal question presented by this contention is whether the amount in controversy for maintenance and cure exceeds the sum or value of $3,000. In his petition in the State court, appellant alleged that he was "entitled to maintenance at the rate of Six ($6.00) Dollars per day for each and every day since October 4, 1948, until the date of trial in this cause, exclusive of days on which he was actually in the United States Marine Hospital, (the total amount of such maintenance not to exceed Two Thousand Five Hundred ($2,500.00) Dollars, and for a reasonable period of time in the future and after the date of said trial, without prejudice to plaintiff's right to demand and sue for further maintenance from and after the end of the period for which maintenance shall be allowed in this action, if same should be reasonably necessary and proper in law and equity."

In a case which appears to have presented a pleading similar to that in the case at bar, the Supreme Court of Texas in Socony-Vacuum Oil Co., Inc., v. Aderhold, 1951, 240 S.W.2d 751, 755, said: "Defendant's contention that plaintiff is limited by his pleadings to a total of $2500 for maintenance and cure is correct. It is true that plaintiff pleads maintenance in the amount of $6.00 a day but this is not a liquidated demand because the pleading does not allege a definite number of days. The pleadings establish the boundary of a lawsuit. That boundary should be marked with corner posts 'for all the world to see'". For like reasons, we are of opinion that the pleading which appellant filed in the District Court of Harris County, Texas, limited him to a total of $2500 for maintenance. But if we are mistaken in this, we still cannot say that compensation at the rate of $6.00 per day "for a reasonable period of time in the future" involves an amount sufficient to bring the claim for maintenance to a sum or value in excess of $3,000 exclusive of interest and costs.

For the reasons stated, the judgment must be reversed and the cause remanded to the District Court with directions to vacate the judgment entered and to remand the case to the District Court of Harris County, Texas, with costs against appellee.

It is so ordered.