**Edith P. BUCKLEY, Executrix of the Estate of Rex G. Buckley, Deceased, Plaintiff,**

v.

**BRENT TOWING COMPANY, INC., Defendant.**

**No. GC 76–29–S.**

United States District Court, N. D. Mississippi, Greenville Division.

April 16, 1976.

Philip Mansour, Martin A. Kilpatrick, Mansour & Kilpatrick, Greenville, Miss., for plaintiff.

Clayton J. Swank, III, Ernest Lane, III, Swank, Lane & Associates, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on plaintiff's motion to remand. The court has received elaborate briefs and entertained oral argument on the legal issues involved.

The record reflects that on November 13, 1975, as a result of fire and explosion aboard defendant's tanker, Barge B–924, the husband of plaintiff-executrix, Rex G. Buckley, suffered injuries which resulted in his death. The tanker was lying in navigable waters of the United States, Lake Ferguson, Washington County, Mississippi, at the time of the explosion and fire. Buckley was working as a marine chemist aboard the barge, and plaintiff charges that his death resulted from defendant's negligence, or negligence attributable to defendant.

Plaintiff filed an *in personam* civil action to recover damages resulting from her husband's death against defendant in the Circuit Court of Washington County, Mississippi. The action was filed January 13, 1976, and was timely removed to this court. Plaintiff's motion to remand is based upon the premise that, absent diversity, the case is not removable. ' Plaintiff and defendant are citizens of the same state, the State of Mississippi.

Plaintiff contends that the action sub judice is not removable because it is an *in personam* proceedings over which the state civil court has concurrent jurisdiction.

The federal district courts have original jurisdiction, exclusive of the courts of the state, of "[a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors* in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. [Emphasis added]

Plaintiff contends that the "saving to suitors" clause, *supra*, applies to the action sub judice.

The court has reviewed the cases and other authorities cited by counsel and has made an independent research of the question. In Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3674, at page 298, it is said:

Accordingly, saving clause cases, theoretically are removable only if the elements of diversity jurisdiction—diversity of citizenship and the requisite amount in controversy—or some other federal subject matter jurisdiction basis are present.

The element of diversity is not present in this action and for it to be removable, there must be present "some other federal subject matter jurisdiction basis."

Defendant advances the theory that plaintiff's negligence suit must be considered in light of the provisions of the Longshoremen's and Harbor Workers' Compensation Act as amended in 1972. Particular reliance is placed on 33 U.S.C. § 905(b). Judge Cox of the Southern District of Texas, in an unpublished order entered in *Arena v. Maritime Company of the Philippines, Inc.*, C.A. No. 73–C–114, February 7, 1974, concluded that "33 U.S.C. § 905(b), constitutes the longshoreman's exclusive remedy against the vessel for injuries sustained as a result of the vessel's negligence. As a consequence, negligence actions of this type grounded on the general maritime law have been superseded by the federal legislation."

However, Judge Singleton, in the same district, has taken a different view of the matter. In *Giacona v. Capricorn Shipping Co.*, 394 F.Supp. 1189 (S.D.Tex.1975), Judge Singleton said:

Maritime negligence is derived from the "general maritime law," but there are two sources of maritime law as applied in this country. The two components of federal maritime law are the applicable acts of Congress and the "general mari-

time law" recognized as "self-evident" at the time of the adoption of the Constitution and later by the maritime courts of the United States, cf. discussion in Gilmore and Black, ADMIRALTY (1st ed.) § 1–16 at 40–42. That the federal longshoremen's compensation statute, 33 U.S.C. §§ 901–950, is such an "applicable" act of Congress is undisputed. However, as we have seen, the longshoreman's traditional maritime tort action for negligence was not derived from a federal statute but from the general maritime law. A traditional maritime negligence claim, as distinguished from a statutory maritime claim cannot be one "arising under" the Constitution, laws or treaties of the United States. For that reason it cannot be removed under 28 U.S.C. § 1441. *Romero v. International Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

. . . . .

The two cases before the court can be successfully removed only if by the 1972 amendments to the Longshoremen's Act Congress intended to abrogate the traditional maritime remedy and to establish in its place, for longshoremen, an entirely new cause of action which "arises under" the laws of the United States.

. . . . .

Congress wanted to eliminate unseaworthiness for longshoremen and wanted to prevent the same benefits of unseaworthiness from accruing to the longshoremen under a different name, that of "negligence." The language defendant uses to support its argument is more precisely seen as part of the effort to do away with unseaworthiness than the effort to create a new heretofore unknown remedy.

Accordingly, the maritime negligence referred to in 33 U.S.C. § 905(b) is not a creature of Congress, but of the general maritime law. As such it has no "arising under" jurisdictional basis and for that reason cannot be removed from state to federal court.

394 F.Supp. 1191–94.

The court finds the reasoning contained in Judge Singleton's opinion more convincing than that set forth in Judge Cox's brief order on the same point. Accordingly, the court has concluded that, regardless of whether plaintiff's claim here is founded simply upon negligence or upon the Longshoremen's and Harbor Workers' Compensation Act, the courts of the State of Mississippi are vested with concurrent jurisdiction over the action. No basis for subject matter jurisdiction appearing from the record, the motion to remand shall be sustained.

The court will enter an appropriate order.