**Leceil Ray SAWYER, Plaintiff,**

v.

**FEDERAL BARGE LINES, INC., Defendant.**

Civ. No. 80–3082.

United States District Court, S. D. Illinois.

Jan. 19, 1981.

Jerome J. Schlichter, Cohn, Carr, Korein, Kunin, Schlichter & Brennan, East St. Louis, Ill., for plaintiff.

Dan H. Ball, Thompson & Mitchell, East St. Louis, Ill., for defendant.

## ORDER

FOREMAN, Chief Judge:

Now before this Court is the plaintiff's Motion to Remand. On December 4, 1979, plaintiff filed a one count complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Plaintiff brought that action under 46 U.S.C. § 688, *et seq.*, commonly referred to as the Jones Act. That complaint alleged negligence on the part of the defendant, Federal Barge Lines, Inc., the results of which were injuries sustained by the plaintiff.

On May 19, 1980, the Circuit Court for St. Clair County entered its order granting plaintiff leave to amend his complaint. That amendment added Count II to the complaint. Count II states a claim in maintenance and cure and seeks $15,000 in damages.

On June 16, 1980, defendant filed its Petition to Remove to this Court. Defendant concedes that the Jones Act claim, by itself, is not removable. Defendant's theory of removal is that the claim for maintenance and cure in Count II of the amended complaint states an independent claim between parties of diverse citizenship with more than $10,000 at stake. Hence, defendant urges that removal is proper pursuant to 28 U.S.C. § 1441(a) and (c).

This Court agrees with defendant. A claim for maintenance and cure is a separate and distinct cause of action from a Jones Act claim. *Pacific Steamship Company v. Peterson*, 278 U.S. 130, 137–138, 49 S.Ct. 75, 77–78, 73 L.Ed. 220 (1928); *Crooks v. United States*, 459 F.2d 631 (9th Cir. 1972). It is clear that had plaintiff brought only his maintenance and cure claim in the state court that it would have been removable. Unlike Jones Act cases, there are no restrictions on a claim of maintenance and cure when removal is sought from state courts.

28 U.S.C. § 1441(c) provides in pertinent part:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . ."

Accordingly, it is the opinion of this Court that plaintiff's Motion to Remand should be DENIED.

IT IS SO ORDERED.