Leceil Ray SAWYER, Plaintiff,

v.

FEDERAL BARGE LINES, INC., Defendant.

Civ. No. 80–3082.

United States District Court, S.D. Illinois.

Jan. 12, 1982.

**38**

### ORDER

FOREMAN, Chief Judge:

Before the Court are the following motions: (1) Motion for Leave to File Third-Party Complaint, filed September 18, 1981, by defendant; (2) Motion to Transfer Venue, filed by defendant on the same date; (3) Motion for Remand and Reconsideration, filed by plaintiff on November 4, 1981. Because, upon reconsideration, the Court agrees that the action was removed improvidently, the Court hereby GRANTS plaintiff's motion and remands the case. Consideration of the remaining motions shall be for the state court judge.

 First, the Court agrees with plaintiff that 28 U.S.C. § 1445(a), which prohibits removal from state court of FELA actions, is made applicable to Jones Act cases by 46 U.S.C. § 688, which incorporates into the Jones Act all statutes regulating FELA suits. *Preston v. Grant Adv., Inc.*, 375 F.2d 439 (5th Cir.1967); *McKee v. Merritt-Chapman & Scott Corp.*, 144 F.Supp. 423 (N.D.Ill.1956). The only possibility for removal in this case is 28 U.S.C. § 1441(c), which provides that "whenever a separate and independent cause of action, which would be removable, if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed..." 28 U.S.C. § 1441(c). Thus, assuming the maintenance and cure count is otherwise removable, a threshold question whether it is a separate and independent cause of action from the Jones Act count for negligence must be answered. A review of the Supreme Court holding in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the leading case on "separate and independent causes of

action," answers the question in plaintiff's favor. In *Finn*, it was held that where there is a single wrong to plaintiff arising from an interlocked series of transactions, and relief is sought for that wrong, there are no separate and independent claims or causes of action. Here, the single wrong to plaintiff is his injury for which he seeks recovery on separate grounds. Clearly, there is no separate and independent cause of action within the meaning of § 1441(c) as interpreted by *Finn*. This conclusion is bolstered by *Pate v. Standard Dredging Corp.*, 193 F.2d 498 (5th Cir.1952), which specifically held that a Jones Act count is not a claim or cause of action separate and independent from one for maintenance. The court there noted, and this Court agrees, that in such a situation there exists only one violation of a single primary right.

Accordingly, the Motion for Remand and Reconsideration of 510 F.Supp. 39, is hereby GRANTED, and the action is hereby REMANDED to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

IT IS SO ORDERED.