**Charles GONSALVES,**
**Plaintiff-Appellant,**

v.

**AMOCO SHIPPING COMPANY,**
**Defendant-Appellee.**

**No. 660, Docket 83–7721.**

United States Court of Appeals, Second Circuit.

Argued Jan. 23, 1984.

Decided May 1, 1984.

As Amended May 16, 1984.

---

Paul C. Matthews, New York City, for plaintiff-appellant.

Joseph T. Stearns, New York City (Kathleen V. McQuilling and Walker & Corsa, New York City, on brief), for defendant-appellee.

Before MESKILL, NEWMAN and PRATT, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal presents a close question as to whether a seaman's state court lawsuit arising out of his personal injuries is removable to a federal district court. The appeal reveals the tension between Congress' preference to permit a plaintiff to maintain a Jones Act suit in state court, without risk of removal, 28 U.S.C. § 1445(a) (1982), and its permission to a defendant to remove an entire lawsuit when a removable claim that is "separate and independent" from a non-removable claim is joined in one lawsuit with the non-removable claim, 28 U.S.C. § 1441(c) (1982). Plaintiff-appellant Charles Gonsalves appeals from a judgment of the District Court for the Southern District of New York (Charles E. Stewart, Jr., Judge) entered in favor of the defendant-appellee Amoco Shipping Company ("Amoco") after a jury trial. Because we conclude that the District Court erred in denying plaintiff's motion to remand the suit to state court, we reverse.

Gonsalves sued in the Supreme Court of the State of New York, County of New York, to recover for back injuries allegedly suffered while he was serving as Chief Officer aboard Amoco's vessel, the S/S Amoco Connecticut. The complaint alleged negligence under the Jones Act, 46 U.S.C. § 688 (1976), and unseaworthiness under general maritime law, and sought maintenance and cure. All three claims arose from personal injuries allegedly sustained when plaintiff fell as his foot was entangled in a heaving line during undocking procedures.

Amoco removed the action to the District Court pursuant to 28 U.S.C. § 1441(a) and (c) (1982). Gonsalves made a timely motion to remand, which the District Court denied. Following a trial on the merits, the jury returned a special verdict in favor of Amoco on the Jones Act and unseaworthiness claims. The maintenance and cure claim was not submitted to the jury for lack of evidence of a prima facie case. On appeal Gonsalves contends that this action was improperly removed from state court. For reasons that follow, we agree and conclude that Jones Act and maintenance and cure claims arising out of the same set of operative facts are not separate and independent for purposes of section 1441(c) removal.

### Discussion

Section 1441(c) permits removal of an entire case "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action." 28 U.S.C. § 1441(c). In this case, the maintenance and cure claim is removable, as the District Judge ruled, since the complaint alleged the requisite diversity of citizenship and jurisdictional amount. 28 U.S.C. § 1441(a). The Jones Act claim, however, is not removable, *Pate v. Standard Dredging Corp.*, 193 F.2d 498, 500 (5th Cir.1952);

*Demarac v. American Dredging Co.*, 486 F.Supp. 853, 854 (S.D.N.Y.1980), even though it is a federal claim for purposes of jurisdiction under 28 U.S.C. § 1331 (1982), *see Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359, 79 S.Ct. 468, 473, 3 L.Ed.2d 368 (1958), because Congress has explicitly prohibited removal of Jones Act claims. 28 U.S.C. § 1445(a) (1982); 46 U.S.C. § 688 (1976) (making statutes modifying remedies of railway employees applicable to seamen). Thus, this is not a typical section 1441(c) case in which a removable claim must be examined to see if it is "separate and distinct" from a claim for which federal jurisdiction was never authorized; here the removable claim is joined with a federal claim that Congress prefers to leave in state court if that is where a plaintiff has filed it. Our first inquiry therefore is whether section 1445(a) in effect overrides section 1441(c) and prevents the removal of a Jones Act claim even when joined with a "separate and independent" removable claim.

We are confronted with a conflict between two statutory policies in the same chapter of the Judicial Code. Section 1441(c) reflects the Congressional judgment that plaintiff's joinder of separate and independent claims, one of which is non-removable, should not destroy a defendant's right to removal. However, section 1445(a) provides the Jones Act plaintiff with a choice-of-forum privilege. The question then is "where Congress intended the right granted a [Jones Act] claimant to cease and the protection granted defendants to commence." *U.S. Industries, Inc. v. Gregg*, 348 F.Supp. 1004, 1015 (D.Del. 1972), *rev'd on other grounds*, 540 F.2d 142 (3d Cir.1976), *cert. denied*, 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1091 (1977). It is possible that a non-removal statute, like section 1445(a), forbids removal even if the provisions of section 1441(c) are satisfied. This possibility has been explored by some courts and rejected. *See Abing v. Paine, Webber, Jackson & Curtis*, 538 F.Supp. 1193, 1195 (D.Minn.1982) (non-removal provision for securities claims, 15 U.S.C. § 77v(a) (1982)); *Hages v. Aliquip-*

*pa & Southern Railroad Co.*, 427 F.Supp. 889, 891–92 (W.D.Pa.1977) (28 U.S.C. § 1445); *U.S. Industries, Inc. v. Gregg, supra*, 348 F.Supp. at 1004 (securities claim); *Cunningham v. Bethlehem Steel Co.*, 231 F.Supp. 934, 937 (S.D.N.Y.1964) (maritime claim); *Emery v. Chicago B. & Q.R. Co.*, 119 F.Supp. 654, 656–57 (S.D. Iowa 1954) (28 U.S.C. § 1445); *see also Pate v. Standard Dredging Corp., supra*, 193 F.2d 498; *Pinto v. Maremont Corp.*, 326 F.Supp. 165, 168–69 (S.D.N.Y.1971). The Fifth Circuit ruled the other way in *Gamble v. Central of Georgia Railway Co.*, 486 F.2d 781 (5th Cir.1973), though the statement is arguably dictum since the allegedly separate claim was that of a third-party defendant indemnitor, rather than a plaintiff.

■ We find persuasive the observation in *U.S. Industries, Inc. v. Gregg, supra*, that the structure and language of the entire removal statute, 28 U.S.C. § 1441, suggests that section 1441(c) applies to claims non-removable because of an explicit statutory prohibition:

> This statute contains two grants of removal jurisdiction. Subsection (a) grants the general right of removal to defendants in any case that could originally have been brought in a district court of the United States. The first clause of that subsection limits this authority to cases where a contrary result has not been "otherwise expressly provided by Act of Congress." This is a clear reference to statutes like [section 1445(a)]. Subsection (b) further limits this general removal jurisdiction in diversity cases to cases where no defendant is a resident. ... Subsection (c) grants additional removal jurisdiction in a class of cases which would not otherwise be removable under the prior grant of authority. It assumes the existence of a separate and independent claim which would not otherwise be removable under that prior grant. A literal reading of Section 1441 demonstrates that Subsection (c) is not subject to the restriction contained in the first clause of Subsection (a). Moreover,

nothing in the language of Subsection (c) suggests a Congressional distinction between two classes of suits "otherwise non-removable" within the contemplation of that subsection, i.e., those non-removable because they fall completely without the original jurisdiction of the federal district courts and those which, although dealing with federal questions, are made non-removable by Congressional pronouncements. *Id.* at 1015.

Most commentators find "considerable force" in that analysis. *See* C. Wright, *Law of Federal Courts* 224 n. 27 (4th ed. 1983); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction,* § 3724 at 654–55 (1976); *see also* 1A J. Moore, *Moore's Federal Practice* ¶¶ 0.163[4.–4], 0.167[2], and 0.167[3.–2] at 468 (1983). We agree that there is no indication that Congress intended to confine the meaning of a "non-removable" claim in section 1441(c) to claims over which a federal district court would not have original subject matter jurisdiction.

We turn now to the issue of whether Jones Act and maintenance and cure claims are "separate and independent" for purposes of section 1441(c) removal. The statutory standard was last considered by the Supreme Court in *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). *Finn* involved a suit, removed from state court, to recover on a fire policy allegedly issued by one of two non-resident corporate defendants and a further alternative claim against a resident agent of both corporations for failure to procure insurance. In holding the action improperly removed, the Supreme Court underscored the Congressional intent to abridge the right of removal by requiring "more complete disassociation" between joined claims. 341 U.S. at 12, 71 S.Ct. at 539. The Court relied on its prior attempt in *Baltimore Steamship Co. v. Phillips,* 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71

L.Ed. 1069 (1927), to define the elusive concept of a "cause of action":

> Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.
>
> A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.

*American Fire & Casualty Company v. Finn, supra,* 341 U.S. at 12, 71 S.Ct. at 539. The Court concluded that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under section 1441(c)." *Id.* at 14, 71 S.Ct. at 540 (footnote omitted). Hence, under *Finn,* when a plaintiff sues to enforce or redress the invasion of two or more distinct rights, he has several causes of action.

There can be little doubt that for some purposes a Jones Act claim and a claim for maintenance and cure are significantly distinct.[1] The Supreme Court has ruled, for example, that the differences between the claims preclude application of the doctrine of election of remedies:

> In short, the right to maintenance, cure and wages, implied in law as a contractual obligation arising out of the nature of the employment, is independent of the right to indemnity or compensatory damages for an injury caused by negligence; and these two rights are consistent and cumulative.

---

1. For a discussion of the different nature of the claims and the damages recoverable, *see Fitzgerald v. United States Lines Co.,* 306 F.2d 461, 472–73 (2d Cir.1962) (in banc), *rev'd on other grounds,* 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); *Bartholomew v. Universe Tankships, Inc.,* 279 F.2d 911, 914–17 (2d Cir.1960). *See generally* G. Gilmore & C. Black, *The Law of Admiralty* 272–359 (2d ed. 1975).

*Pacific Steamship Co. v. Peterson*, 278 U.S. 130, 138, 49 S.Ct. 75, 77, 73 L.Ed. 220 (1928). However, facing the issue of whether a maintenance claim, not based on diversity jurisdiction, was sufficiently "pendent" to a Jones Act claim to require submission to a jury when both claims arise out of the same group of operative facts,[2] the Court ruled that the close relationship between the claims required submission to the jury. *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), *rev'g* 306 F.2d 461 (2d Cir.1962) (in banc). The Court noted the practical relationship between the claims:

> Although remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures, they nevertheless, when based on one unitary set of circumstances, serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery.

*Id.* at 18, 83 S.Ct. at 1649. *See also id.* at 19 n. 6, 83 S.Ct. at 1649 n. 6 (referring to claims as "closely related"). Of special pertinence to the issue in the pending case, the Court stated: "Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle *one claim* split conceptually into separate parts because of historical developments." *Id.* at 21, 83 S.Ct. at 1650 (emphasis added).

Of course, neither *Pacific Steamship* nor *Fitzgerald* was describing the relationship between Jones Act and maintenance claims for purposes of section 1441(c). Thus, the reference to the "independent" nature of the claims in *Pacific Steamship* is no more dispositive of the section 1441(c) issue than the reference to "essentially ... one claim" in *Fitzgerald*. We therefore turn to the prior case law on the section 1441(c) issue.

Apart from the District Court's ruling in this case, the issue has been squarely ruled upon, in reported decisions, only by three district courts, all of which have rejected removal. *Stokes v. Victory Carriers, Inc.*, 577 F.Supp. 9 (E.D.Pa.1983) (alternate holding); *Skaw v. Lady Pacific, Inc.*, 577 F.Supp. 2 (D.Alaska 1983); *Sawyer v. Federal Barge Lines, Inc.*, 577 F.Supp. 37 (S.D.Ill.1982). *Sawyer* is a ruling upon reconsideration, which vacated an earlier contrary ruling, 510 F.Supp. 39, on which the District Court in our case had relied. All three decisions, including the reconsideration of *Sawyer*, were published after Judge Stewart's ruling.

There are, however, two pertinent decisions of the Fifth Circuit and our own Circuit. In *Pate v. Standard Dredging Corp.*, 193 F.2d 498 (5th Cir.1952), the Court, after concluding that an unseaworthiness claim was not separate and distinct from a Jones Act claim, proceeded to reject removal of a suit containing a maintenance claim solely because the maintenance claim failed to satisfy the requisite jurisdictional amount. As Judge Friendly later observed in a plurality opinion for four members of an in banc court, the opinion in *Pate* "assumed" (or at least appears to have assumed) that a maintenance claim was separate and distinct from a Jones Act claim for purposes of section 1441(c). *Fitzgerald v. United States Lines Co.*, 306 F.2d 461, 472 (2d Cir.1962) (Part IV of opinion of Friendly, J., in which Lumbard, Moore, and Kaufman, JJ., join), *rev'd on other grounds*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963).

The plurality opinion in *Fitzgerald* and the subsequent reversal of the in banc decision by the Supreme Court has special significance for this appeal, far beyond the characterization of the *Pate* opinion. As previously noted, the issue in *Fitzgerald* was whether a claim for maintenance and

---

**2.** Had the maintenance claim been grounded on diversity jurisdiction, there would have been no question that the claim would have been submitted to a jury because "when a maritime claim for a money judgment is heard in a Federal court because of diversity, the savings clause [28 U.S.C. § 1333(1) (1982) ] entitles the parties to the same jury trial they would normally have had in the state court." *Fitzgerald v. United States Lines Co.*, 306 F.2d 461, 474 (2d Cir.1962) (in banc), *rev'd on other grounds*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963).

cure should be submitted to a jury when the claim is joined with a maintenance claim as to which diversity did not exist. Though the issue involved the appropriate fact-finder rather than the appropriate forum, the plurality opinion considered the relationship of a maintenance claim to a Jones Act claim for purposes of removal as well as jury trial. Responding to the plaintiff's argument that the maintenance claim was "pendent" to the Jones Act claim in the sense that it was "so intertwined factually" with it as to require a single fact-finder, as we had previously said of unseaworthiness claims, *Bartholomew v. Universe Tankships, Inc.*, 263 F.2d 437, 447 (2d Cir.), *cert. denied*, 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959), Judge Friendly catalogued the distinctions between maintenance and Jones Act claims and then cited Professors Gilmore and Black for "correctly" stating, "By unquestionable authority a maintenance and cure claim is 'separate and independent' from both a Jones Act claim or an unseaworthiness claim for purposes of *res judicata* or § 1441(c) or anything else." 306 F.2d at 472 (quoting Gilmore and Black, *supra*, at 341 (1st ed. 1956)) (the quotation appears in the second edition (1975) at 358).[3] This assertion in the plurality opinion, though dictum, would normally carry substantial weight with us, even though it was en-

dorsed by less than a majority of the in banc court.[4] However, the Supreme Court's reversal of the *Fitzgerald* holding has substantially undermined the plurality's dictum and, by emphasizing the close relationship between the Jones Act and maintenance claims, has even lent some support to precisely the opposite view of the issue now before us.[5]

■ In addition to the intimations from the Supreme Court's decision in *Fitzgerald,* we think that a holding against removal is warranted by additional considerations. First, we note the historic practice of joining negligence, unseaworthiness, and maintenance and cure claims in a single three-count lawsuit. The historic pattern of joinder does not preclude the requisite separateness or independence contemplated by section 1441(c), but it is some evidence that even if "separate" claims are involved, they are not truly "independent." *See American Fire & Casualty Co. v. Finn, supra,* 341 U.S. at 12, 71 S.Ct. at 539 (the "addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation" between the claims). Second, a ruling in favor of removal would prompt many plaintiffs, anxious to secure the state court choice of forum Congress has assured them for their Jones Act claims, to bring their negligence and maintenance claims in separate law-

---

**3.** The authors' only citation of "unquestionable authority" is *Pacific Steamship Co. v. Peterson, supra,* in which the Supreme Court ruled that Jones Act and maintenance claims are distinct for purposes of election of remedies. Though Gilmore and Black assert the separateness of Jones Act and maintenance claims for purposes of section 1441(c), they also assert, just as emphatically, "The cases to date have assumed that a Jones Act count makes the entire case irremovable, whether or not joined with unseaworthiness and maintenance and cure counts." Gilmore and Black, *supra,* at 358 (2d ed. 1975). No cases are cited, nor is it clear whether the apparently unreported decisions relied upon took the position that section 1445(a) overrides section 1441(c) or that the maintenance and cure claim was not "separate and independent" within the meaning of section 1441(c).

**4.** Two members of the in banc court thought a district judge had discretion either to try the non-diversity maintenance claim or send it to

the jury; they therefore joined the judgment affirming bench trial of the maintenance claim. 306 F.2d at 478 (Smith, J., with whom Waterman, J., joins, concurring in the result). Three judges dissented, believing that a maintenance claim joined with a Jones Act claim must be submitted to a jury, even when diversity jurisdiction for the maintenance claim is lacking. *Id.* at 475–78 (Clark, J., with whom Hays and Marshall, JJ., join, dissenting).

**5.** Since the plurality opinion in our Circuit's decision in *Fitzgerald* enlisted the supposed separateness of Jones Act and maintenance claims for purposes of section 1441(c) to demonstrate the propriety of not requiring their joint consideration by a jury, it seems reasonable to suggest that the Supreme Court's contrary holding that the claims are sufficiently related to require submission to a jury is somewhat supportive of a similar conclusion on their relatedness for purposes of defeating removal.

suits, hardly a result to be encouraged in this context. Finally, the congressional preference for permitting Jones Act plaintiffs to resist removal itself lends some weight to our resolution of the section 1441(c) issue. We are not willing to rule that section 1445(a) overrides section 1441(c); some claims joined with a Jones Act claim may be so clearly separate and independent that the plaintiff joining them must be held to have accepted the risk of removal. But we think it appropriate to insist that the joined claim be markedly independent of the Jones Act claim before the force of section 1441(c) can defeat the congressional preference expressed in section 1445(a).

Recognizing that a universal test to determine whether claims are "separate and independent" for purposes of section 1441(c) is not likely to be fashioned, we hold that a maintenance and cure claim is not sufficiently distinct from a Jones Act claim arising out of the same set of operative facts to warrant removal. We therefore reverse the judgment of the District Court and remand with directions to vacate the judgment in favor of the appellee and remand the action to the state court.[6]

Reversed and remanded.

---

**6.** There is no merit to defendant's contention that the ultimate failure of plaintiff's maintenance and cure claim somehow estops plaintiff from claiming on appeal that the District Court erred in denying plaintiff's motion to remand. Indeed, it is somewhat ironic that the defendant, which sought and achieved removal only because the plaintiff had pleaded a maintenance and cure claim, should now contend that the evidentiary insufficiency of that claim should bar plaintiff's objection to removal. Plaintiff properly sought a remand in the District Court and thereby preserved his objection for appeal, even though he proceeded to trial. *See Guaranty Trust Co. v. McCabe,* 250 F. 699 (2d Cir.), *cert. denied,* 247 U.S. 505, 38 S.Ct. 427, 62 L.Ed. 1240 (1918); 1A *Moore's Federal Practice* ¶ 0.157[11.–6] at 185 (1983).

Though the District Court would have had original subject matter jurisdiction over all of plaintiff's claims had plaintiff filed his suit in the federal court, the potential availability of such jurisdiction does not preclude a remand to the state court, once the removal has been ruled erroneous as contrary to plaintiff's statutory entitlement to remain in state court.