**James HOWARD, et ux.**

v.

**TRANSWORLD DRILLING COMPANY.**

**Civ. A. No. 84–1228.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Sept. 25, 1984.

Wm. Henry Sanders, Jena, La., Robert W. Thomas, Thomas & Hardy, Lake Charles, La., for plaintiffs.

Christopher Tompkins, A. Wendel Stout, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

VERON, District Judge.

## RULING ON MOTION TO REMAND

Plaintiffs James Howard and his wife, residents of Mississippi, originally filed this suit in the 38th Judicial District Court, Cameron Parish, Louisiana, seeking $3,000,000 in damages. Plaintiffs brought two claims on behalf of Mr. Howard: a negligence claim under the Jones Act, 46 U.S.C. § 688, and a contractual claim for maintenance and cure. On Mrs. Howard's behalf they brought a single claim, under general maritime law, for the loss of society she would have enjoyed had Mr. Howard not been injured. Defendant Transworld Drilling Company ("Transworld"), a corporation with its principal place of business in Delaware, removed the entire suit to this Court on May 8, 1984. Now before us is the Howards' Motion to Remand the action to the 38th Judicial District.

At issue is whether the provisions of the general removal statute, 28 U.S.C. § 1441(c), permit removal of a Jones Act claim otherwise irremovable under the provisions of 28 U.S.C. § 1445(a). Section 1441(c) permits removal of an otherwise "non-removable" claim when joined with a

removable "separate and independent" claim. But Congress has prohibited removal of Jones Act claims in which the plaintiff has chosen to proceed in the state forum. 28 U.S.C. § 1445(a) (1982) (making FELA claims irremovable); 46 U.S.C. § 688 (1976) (making statutes modifying remedies of railway employees applicable to seaman). Transworld argues that Mr. Howard's claim for maintenance and cure is "independent" of his Jones Act claim, making the entire case removable by virtue of the Howards' joinder of a removable claim.[1] The Howards' apparent retort is that sec. 1445(a) overrides section 1441(c), forbidding removal of the entire case even if the provisions of the latter are satisfied.

We agree with Transworld that Mr. Howard's claim for maintenance and cure satisfies the criteria for diversity jurisdiction and so is removable. We also agree that it is separate and distinct from his Jones Act claim. In *Pate v. Standard Dredging Corp.*, 193 F.2d 498 (5th Cir. 1952), the Fifth Circuit, after finding an unseaworthiness claim to be "dependent" upon a Jones Act claim, rejected removal of a seaman's suit containing a maintenance claim because that claim lacked sufficient amount-in-controversy. As Judge Friendly correctly observed in a plurality opinion for the Second Circuit, sitting *en banc*, the *Pate* court "assumed" (or at least appears to have assumed) that a maintenance claim is separate from a Jones Act claim for purposes of section 1441(c). *Fitzgerald v. United States Lines Co.*, 306 F.2d 461, 472 (2d Cir.1962) (Part IV of the opinion of Judge Friendly, in which Judges Lumbard, Moore and Kaufman join), *rev'd on other grounds*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). Our only question,

therefore, is whether section 1441(c) withstands section 1445(a).[2]

Two district courts in the North have explicitly held that an independent claim for maintenance and cure will, when joined with a Jones Act claim, permit removal of the entire action. *See Gilliken v. J.A. LaPorte, Inc.*, No. HM–82–2479 (D.Md.1983) (unpublished opinion); *Sawyer v. Federal Barges Lines, Inc.*, 510 F.Supp. 39 (S.D.Ill.1981). And the Second Circuit, while disagreeing with our finding that Jones Act and maintenance-and-cure claims are "independent" for removal purposes, has nonetheless conceded that section 1441(c) applies to Jones Act claims. *See Gonsalves v. Amoco Shipping Co.*, 733 F.2d 1020, 1022–23 (2d Cir.1984). Indeed, it is impossible to arrive at a contrary conclusion if section 1441(c) is read in light of the restriction in section 1441(a). Section 1441(a) grants the general right of removal to defendants in any case that originally could have been brought in federal court, except cases where irremovability has been "otherwise expressly provided by Act of Congress." But subsection (c) is not subject to the restriction contained in subsection (a). For these reasons, we hold that section 1441(c) prevails over section 1445(a) and DENY the Howards' Motion to Remand in all respects.

---

**1.** Transworld argues that Mrs. Howard's claim for loss of society also is an independent claim that would be removable if sued upon alone. But we need not decide that question after finding, *infra,* that Mr. Howard's claim for maintenance and cure is distinct and removable. If section 1441(c) withstands section 1445(a), the Howards' joinder of a single independent and removable claim renders their entire case removable.

**2.** The Fifth Circuit's decision in *Gamble v. Central of Georgia Railway Co.,* 486 F.2d 781 (5th Cir.1973), does not preclude our examination of that question. There the Fifth Circuit answered the question in the negative, but its statement is dictum since the allegedly separate claim was that of a third-party defendant indemnitor, rather than a plaintiff.