Otto **ALAJOKI**, Plaintiff,

v.

**INLAND STEEL COMPANY**,
Defendant.

No. 84–CV–5865–DT.

United States District Court,
E.D. Michigan, S.D.

July 30, 1985.

---

Gary Baun, Detroit, Mich., for plaintiff.

Marlin F. Scholl, Detroit, Mich., for defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO THE THIRD JUDICIAL CIRCUIT COURT OF MICHIGAN**

La PLATA, District Judge.

On December 6, 1984, Plaintiff, Otto Alajoki, instituted a personal injury lawsuit in the Wayne County Circuit Court, alleging that he sustained injuries to his back and central nervous system on December 16, 1981, while he served as a crew member aboard one of Defendant's vessels, L.E. Block. On the basis of diversity of citizenship, Defendant caused the matter to be removed to this Court, pursuant to 28 U.S.C. § 1441(c), on December 26, 1984.

In his Complaint, Plaintiff sought recovery under three theories: (1) Defendant's negligence under the Jones Act, 46 U.S.C. § 688, *et seq.*, (2) Defendant's failure to provide a reasonably seaworthy vessel under 33 U.S.C. § 905(b), and (3) Defendant's liability under the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.* This matter is before the Court on Plaintiff's Motion to Remand the action to the Wayne County Circuit Court.

Lawsuits filed in a state court under the Jones Act are not removable to the federal court. See, *inter alia, Pate v. Standard Dredging Corp.,* 193 F.2d 498, 500 (5th Cir.1952); *U.S. Industries v. Gregg,* 348 F.Supp. 1004, 1113 n. 8 (D.Del. 1972). The Jones Act incorporates the general provisions of the Federal Employer's

Liability Act, an act which prohibits removal of cases instituted in a state court, even where diversity of citizenship exists. See 1–A J. Moore, Moore's Federal Practice, ¶ 0.167 at 466–468 (2d ed. 1983); *Symoenides v. Cosmar Comania Naviera*, 494 F.Supp. 240, 241 (M.D.La.1980).

The statute upon which Defendant relies in contesting Plaintiff's Motion to remand, 28 U.S.C. § 1441(c), provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The threshold question in this matter is whether either the unseaworthiness or Longshoreman's claim is a separate and independent Jones Act claim. In the frequently cited case of *American Casualty Co. v. Finn*, 341 U.S. 6, 12–14, 71 S.Ct. 534, 539–540, 95 L.Ed. 702 (1951), the United States Supreme Court held that a single cause of action exists when a plaintiff advances alternative claims against several defendants emanating from an interlocked series of transactions, since the plaintiff, in actuality, sustained a single wrong. In *Sawyer v. Federal Barge Lines*, 577 F.Supp. 37, 38 (S.D.Ill.1982), the Court held that a Jones Act count is not a claim separate and independent from a claim for maintenance.

A review of Plaintiff's Complaint reveals that his cause of action revolves around a single wrong allegedly committed by Defendant, namely, negligent maintenance of the vessel on which Plaintiff was employed. Consequently, the Court holds that neither the unseaworthiness nor the Longeshoreman's compensation claim is separate and distinct from the Jones Act claim. The Court concludes that the matter was improvidently removed from the state court. Following the reasoning embraced in *Buckley v. Brent Towing Co.,*

*Inc.*, 412 F.Supp. 382, 384 (N.D.Miss.1976), the Court holds that Plaintiff's maritime negligence claim, 33 U.S.C. § 905(b), does not arise under the laws of the United States.

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand be GRANTED. IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney's Fees be DENIED.

So Ordered.