**Paul M. TITUS**

v.

**REYNOLDS METALS COMPANY.**

Civ. No. K–85–4583.

United States District Court,
D. Maryland.

March 31, 1986.

Paul D. Bekman, and Israelson, Jackson & Salisbury of Baltimore, Md., for plaintiff.

Richard R. Jackson, Jr., Peter J. McNamara, and Ober, Kaler, Grimes & Shriver of Baltimore, Md., for defendant.

### MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Plaintiff commenced this suit in the Circuit Court for Baltimore City, Maryland, claiming damages for negligence under the Jones Act, 46 U.S.C. § 688, for unseaworthiness under general maritime law and for maintenance and cure. Defendant re-

moved these proceedings to federal district court pursuant to 28 U.S.C. § 1441(c) on the ground that plaintiff's claim for maintenance and cure set forth a separate and independent removal cause of action and that therefore plaintiff's claims for negligence and unseaworthiness are removable as well within the discretion of this Court. Plaintiff has filed a motion to remand.

For the reasons set forth in *Gonsalves v. Amoco Shipping Co.*, 733 F.2d 1020 (2d Cir.1984), and *Addison & Gulf Coast Contracting Services, Inc.*, 744 F.2d 494, 499–501 (5th Cir.1984), this Court holds that plaintiff's maintenance and cure claim is not "a separate and independent claim or cause of action" within the meaning of 28 U.S.C. § 1441(a). *See also Hollis v. Halter Marine, Inc.*, 595 F.Supp. 827, 829 (E.D.La. 1984); *Skaw v. Lady Pacific, Inc.*, 577 F.Supp. 2 (D.Alaska 1983); *Sawyer v. Federal Barge Lines, Inc.*, 577 F.Supp. 37 (S.D.Ill.1982) (in which Judge Foreman vacated his earlier opinion in 510 F.Supp. 39).

The contrary decision and views set forth in this Court by Judge Murray in *Gillikin v. J.A. La Porte, Inc.*, 1984 A.M.C. 2801 (D.Md.1983), relied, at least in part (at 2803), upon Judge Foreman's earlier and vacated opinion in *Sawyer* and also upon the district court's opinion in *Gonsalves v. Amoco Shipping Co.*, 1982 A.M.C. 1399 (S.D.N.Y.1982), which was reversed on appeal by the Second Circuit in 733 F.2d 1020. *See also Howard v. Transworld Drilling Co.*, 592 F.Supp. 1305 (W.D.La.1984), which relied, at least in part (at 1306), upon *Gilliken* and upon the earlier vacated opinion in *Sawyer*. Judge Friendly's opinion in *Fitzgerald v. United States Lines Co.*, 306 F.2d 461, 472–73 (2d Cir.1962) (en banc), *rev'd*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), relied on heavily by defendant in its written memorandum submitted herein, is fully discussed and distinguished by Judge Newman in *Gonsalves*, 733 F.2d at 1024–26.

Accordingly, defendant's motion to remand to the Circuit Court for Baltimore City, Maryland is hereby granted.