In the Matter of James MOHAMMED, d/b/a Nick's Auto Sales & Service, Bankrupt.

Herbert S. KEIDAN, Trustee, Petitioner-Appellee,

v.

UNIVERSAL C.I.T. CREDIT CORPORA-TION, Respondent-Appellant.

No. 15349.

United States Court of Appeals Sixth Circuit.

Feb. 13, 1964.

George Cherpelis, Detroit, Mich., Mc-Graw, Allen, Haass & Selander, Frederick McGraw, Detroit, Mich., on brief, for appellant.

Irving A. August, Detroit, Mich., for appellee.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and MAGRUDER, Senior Circuit Judge.

MAGRUDER, Circuit Judge.

The sole question which we have in this case involves the interpretation of a Michigan statute, as it would presumably be interpreted by the Michigan Supreme Court. Unfortunately we cannot turn to any decision of that court on the point. The nearest case is an early one, Montgomery v. Wight, 8 Mich. 143 (1860); but there the chattel mortgage was originally executed in Canada. Also, the Michigan statute was different.

Preliminarily, appellant in an additional brief says that a federal court should not pass upon this question but rather should leave it to be decided by the state courts, which alone may give an authoritative ruling. It cites two Supreme Court opinions, Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), and Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). We think, however, that this is a case like Meredith v. Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943), where the mere difficulty of ascertaining what the state courts may hereafter determine the state law to be is not in itself a sufficient ground for a federal court "to decline to exercise its jurisdiction to decide a case which is properly brought to it for decision." In the present situation there is no exceptional circumstance which would indicate a different conclusion.

This brings us to the facts herein. A referee in bankruptcy has held that a chattel mortgage on an automobile which was assigned by the mortgagor to the appellant was invalid under the laws of Michigan, and has ordered the turning over of the automobile to the trustee in bankruptcy, who was permitted to sell the automobile free and clear of said mortgage lien. Upon reviewing the order of the referee, the court below affirmed it.

We believe that the district court committed error in its interpretation of the Michigan statute.

At the time of the execution of the mortgage, the bankrupt lived in Macomb County. Subsequently he moved to Wayne County and took the mortgaged car there. The creditor had knowledge of these events. A copy of the mortgage was not recorded in Wayne County. It was admitted by appellee that the mortgage was originally timely recorded in Macomb County and that the mortgage therefore was initially valid. The holding was that the failure to record the mortgage in Wayne County had invalidated it as against the trustee in bankruptcy. This is the holding that we regard as error.

The district court relied upon the provision of Act No. 233 of the Public Acts of 1957 (Mich.Stat.Ann. § 26.929 (1958)), reading in part as follows:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, *shall* be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof *shall* be filed in the office of the register of deeds of the county where the goods or chattels are located, and also where the mortgagor resides * * *: Provided, however, That no purchase money mortgage shall be void as against the creditors of the mortgagor if filed within 14 days from the date of the execution of such mortgage * * *.

"Copies of any such mortgage or conveyance intended to operate as a mortgage and of the affidavit thereto attached *may, with like effect,* be filed in the office of the register of deeds of the county to which such goods or chattels or any portion thereof may thereafter be removed. This provision *shall* not be construed as altering or affecting the foregoing requirements as to the office or offices in which such mortgage or copy thereof *shall* be filed.

\* \* \* \* \* \*

" * * * An assignment in writing of any such mortgage *may* be filed in the office wherein the mortgage so assigned is filed.

"Every register of deeds *shall* accept and file in his office in the manner required by this act, every mortgage or copy thereof to which is attached the affidavit or copy thereof herein required, and every renew-

al affidavit, assignment, or discharge of any mortgage, which may be tendered to him for filing by any person, accompanied by the fee herein required.

"Each register of deeds *shall* so file, keep and preserve every mortgage or copy thereof and any instrument filed in connection therewith, either by means of numbers or other distinguishing marks, that the same shall be made easily available by reference to the index kept by him in accordance with the provisions of section 12 of this chapter, *for examination by any person.*" (Emphasis supplied.)

The court conceded that ordinarily the word "may" is permissive merely and "does not carry with it any mandatory effect." At the same time it considered that the words "with like effect" following "may" cast the language in an ambiguity and justified the court in looking to the general "purpose" of the legislation.

It is true that in Smith v. City Commission, 281 Mich. 235, 274 N.W. 776 (1937), it was held that the word "may" in a proper case could be given a mandatory effect.

But we do not perceive the ambiguity. It seems to us, as stated in appellant's brief, that all the provision means is that when the county of location of the mortgaged chattel and the county of residence are the same, there is only one office in which to file; where they do not coincide, there are two offices in which to file. The Michigan legislature knew the difference between "shall" and "may," since both expressions appear in close juxtaposition in the same statute. The word "may" should be given its ordinary meaning. Thus the act as a whole is to be construed and every part of it given an appropriate meaning, which is the test in Smith v. City Commission, supra.

The referee regarded it as significant that, as freely confessed by the appellant, the mortgagee knew of the removal of the chattel to Wayne County, and he concluded that "the failure by the [appellant] to record its mortgage in Wayne County after it had knowledge the Oldsmobile automobile was removed to that County invalidates its mortgage." This is an additional reason why the word "may" should be given its normal meaning; to make the invalidation depend upon the receipt of this knowledge by the mortgagee only shows that the statute has been rewritten and not simply interpreted.

The subject is of diminished importance in view of the fact that under the Uniform Commercial Code, which has been adopted in Michigan, clearly the mortgage would be valid. Act No. 174, Public Acts of 1962 (Mich.Stat.Ann. § 19.9401(3)).

A judgment will be entered reversing the order of the District Court and remanding the case to that court for further proceedings consistent with this opinion.