**Davis A. SAMCZYK, Plaintiff,**

v.

**CHESAPEAKE & OHIO RAILWAY COMPANY, a Virginia corporation, Defendant.**

Civ. A. No. 85–75160.

United States District Court,
E.D. Michigan, S.D.

Jan. 22, 1986.

On Second Motion to Remand
Aug. 14, 1986.

L.C. John, Detroit, Mich., for plaintiff.

Gene S. Davis, Jesse C. Vivian, Detroit, Mich., for defendant.

OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO AMEND REMOVAL PETITION

SUHRHEINRICH, District Judge.

This matter is before the Court upon plaintiff's motion to remand and award of attorney fees and defendant's motion to amend removal petition. Plaintiff commenced this action in state court asserting claims under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 et seq., and the Michigan Handicappers' Civil Rights Act, M.C.L.A. § 37.1101 et seq. Defendant removed this action based upon diversity of citizenship. Plaintiff asserts, however, that removal was improper because FELA actions which are filed in state court are not subject to removal pursuant to 28 U.S.C. § 1445. Plaintiff also asserts that defendant's removal petition is defective. Defendant argues that it properly removed this action based upon a separate and independent claim for damages under the Handicappers Act with jurisdiction premised upon diversity of citizenship. Defendant also challenges plaintiff's assertion that the removal petition is defective, but has moved to amend the petition should the Court agree with plaintiff.

> Section 1441(c) of Title 28 provides that: Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1985). It is well-settled that a claim is not "separate and independent" if it arises from the same loss or actionable wrong. *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14–16, 71

S.Ct. 534, 540–41, 95 L.Ed. 702 (1951) (claim against insurer is not separate and independent of claim against agent when both concern property lost in a single fire). Even if more than a single wrong exists, claims are not "separate and independent" if the wrongs arise out of the same set of facts or transactions. *New England Concrete Pipe Corp. v. D/C Systems of New England, Inc.*, 658 F.2d 867, 874 n. 12 (1st Cir.1981).

■ Plaintiff predicates his FELA claim upon injuries sustained while trying to release a brake in the course of his duties as a brakeman. The Handicappers Act claim arises from defendant's decision to place plaintiff on disability status after plaintiff's injury disqualified him from working as a brakeman. Defendant argues that the claims are separate and independent. The Court agrees. Plaintiff's claim for handicap discrimination occurred after plaintiff was injured during the course of his employment as a brakeman. Since the discrimination claim alleged a different wrong and involved a different set of facts than the FELA claim, the discrimination claim is a "separate and independent" claim for purposes of section 1441(c). *See Hages v. Aliquippa & Southern R.R.*, 427 F.Supp. 889, 891–94 (W.D.Pa.1977).

The next issue for the Court to resolve is whether 28 U.S.C. § 1445(a) overrides section 1441(c) and prevents the removal of the FELA claim even when it is joined with a "separate and independent" removable claim. The possibility that a nonremoval statute, *i.e.*, section 1445(a), might prohibit removal even if section 1441(c) is satisfied has been explored by some courts and rejected. *See e.g., Hages*, 427 F.Supp. at 891–92. *Howard v. Transworld Drilling Co.*, 592 F.Supp. 1305, 1306 (W.D.La.1984). The Court finds the discussion in *Gonsalves v. Amoco Shipping Co.*, 733 F.2d 1020, 1022–23 (2d Cir.1984), persuasive. It is quite clear that section 1441(c) is not subject to the same restrictive clause of section 1441(a) which allows removal except as "otherwise expressly provided by an Act of Congress". "[T]here is no indication that Congress intended to confine the

meaning of a 'non-removable' claim in section 1441(c) to claims over which a federal district court would not have original subject matter jurisdiction." *Gonsalves*, 733 F.2d 1023. The Court, therefore, concludes that section 1441(c) prevails over section 1445(a).

The Court has reviewed defendant's petition for removal and finds the alleged defects not to be of a jurisdictional nature. Defendant alleged sufficient facts for this Court to conclude that diversity of citizenship exists between the parties. Removal is, therefore, proper.

IT IS HEREBY ORDERED that plaintiff's motion to remand and award of attorney fees is DENIED.

IT IS FURTHER ORDERED that defendant's motion to amend the petition for removal is hereby DENIED.

## ON SECOND MOTION TO REMAND

This matter is before the Court upon plaintiff's second motion to remand. Plaintiff commenced this action in state court asserting claims under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51, and the Michigan Handicappers Civil Rights Act (MHCRA), M.C.L.A. § 37.1101. Defendant removed this action based upon diversity of citizenship. On the first motion for remand this Court denied the motion because the MHCRA claim was properly removable, and the FELA claim was properly removable because it was joined with a separate and independent removable claim. The FELA claim was subsequently dismissed by stipulation of the parties. Plaintiff now brings a second motion to remand.

Plaintiff's second motion to remand is based on two cases decided in the Eastern District of Michigan. These are *Kazor v. GMC*, 585 F.Supp. 621 (E.D.Mich.1984) and *Zahnow v. Great Lakes Distribution Company*, 544 F.Supp. 553 (E.D.Mich. 1982). The finding in both is essentially the same. Claims under the MHCRA were brought pendant to a federal claim. Jurisdiction was based solely upon the federal

question. Subsequently, the federal question was dismissed. In both cases the court exercised its discretion and remanded the MHCRA question to state court. In these actions, the federal courts would not have had jurisdiction if the MHCRA claim had been presented alone. In both cases the court considered the potential prejudice to the parties by remanding the cases to state court and determined that the prejudice was slight and the case could be properly remanded. As an additional consideration, the courts noted that the MHCRA had not yet been interpreted by the Michigan courts.

Plaintiff argues that these two cases present a precedent for this Court to follow. He argues that the lack of certainty as to the meaning of the state statute suggests that this Court decline jurisdiction and remand to state court. The Court finds his argument unpersuasive. In *Kozar* and *Zahnow* the court had no independent jurisdiction over the MHCRA claim. In the instant case the Court has jurisdiction based on diversity. Plaintiff ignores this important distinction. District courts cannot lightly remand cases over which they exercise jurisdiction.

The Supreme Court has often reaffirmed the principle of *Meredith v. City of Winter Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943), in which it held:

> The diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their option, to assert their rights in the federal rather than in the state courts.... [I]t has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law....

*Id.* at 234, 64 S.Ct. at 11.

The Sixth Circuit considered the question of when a federal court may properly defer to the state court for resolution of state law issues in *In the Matter of Mohammed*, 327 F.2d 616 (6th Cir.1964). The Sixth Circuit held that:

> ... Where the mere difficulty of ascertaining what the state courts may hereafter determine the state law to be is not in itself a sufficient ground for a federal court 'to decline to exercise its jurisdiction to decide a case which is properly brought to it for decision'.

*Id.* at 617.

Plaintiff claims that his case should be remanded precisely for the reason that state law would be difficult to determine. Under *Mohammed* this reason is insufficient grounds to remand the claim.

While several special exceptions to this general doctrine exist, plaintiff does not claim and the facts do not support such an exception.

The Court, therefore, holds that it has jurisdiction over this suit and no grounds for remand exist.

An appropriate order shall be entered.