**Ronald H. DIBBLE, Plaintiff,**

v.

**GRAND TRUNK WESTERN RAILROAD COMPANY, a Michigan corporation, Defendant.**

Civ. No. 88–73646.

United States District Court, E.D. Michigan, S.D.

Nov. 10, 1988.

Dennis Brescoll, Mt. Clemens, Mich., for plaintiff.

John Ponitz, Detroit, Mich., for defendant.

## ORDER AND MEMORANDUM

COHN, District Judge.

For the reasons which follow:

 (i) plaintiff's motion to remand this case to the Oakland County Circuit Court is DENIED.

 (ii) Defendant's motion to dissolve the restraining order entered by the Oakland County Circuit Court on August 23, 1988 is GRANTED.

 (iii) Defendant is ENJOINED until further order of the Court from discharging plaintiff.

### I.

The case began as a Federal Employers' Liability Act (FELA) action, 45 U.S.C. § 51 *et seq.*, in the Oakland County Circuit Court on August 18, 1987. As such it was not removable to this Court, 28 U.S.C. § 1445(a). Based on plaintiff's deposition testimony and statements to a company doctor, defendant began a grievance and arbitration proceeding under the Railway Labor Act (RLA), 45 U.S.C. § 151, *et seq.*, looking to the discharge or discipline of plaintiff for making false statements regarding his medical condition.[1] Plaintiff, whose job was in jeopardy as a result of the proceeding, filed a motion in the Oakland County Circuit Court seeking a permanent injunction against defendant's action[2]

---

1. It should be noted that neither party has filed affidavits. The description of the events in question is based solely on the allegations in the pleadings and papers in the record.

2. The motion papers under Fed.R.Civ.P. 15 would be characterized as a supplemental pleading. There is no comparable rule under the Michigan Court Rules of 1985.

and obtained, *ex parte*, a restraining order against defendant going forward with the proceeding.[3] Defendant then removed the case to this court on the grounds that plaintiff's motion was one over which this court had original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1337 (act regulating commerce jurisdiction) and was therefore removable under 28 U.S.C. § 1441(b) (any civil action of which district court has original jurisdiction may be removed). Under 28 U.S.C. § 1441(c) (entire case is removable when a separate and independent claim is joined with non-removable claim) defendant asserted the entire case was removable. Defendant noted that under § 1441(c) the Court had discretion to remand the non-removable claim.

## II.

### A.

Two questions are put by plaintiff's motion and defendant's removal. First, did plaintiff's motion assert a separate and independent claim? Second, if so, was the FELA claim removable? There is no real dispute over the removal if the motion stated a separate and independent claim, since a challenge to a grievance and arbitration proceeding under the RLA involves an act regulating commerce. *Felter v. Southern Pacific Co.*, 359 U.S. 326, 329, 79 S.Ct. 847, 851, 3 L.Ed.2d 854 (1959). Even though subject matter jurisdiction may be questionable because of the preemptive nature of the RLA, at best the separate and independent action is dismissable. *See Kaschak v. Consolidated Rail Corp.*, 707 F.2d 902 (6th Cir.) *reh'g and reh'g en banc denied*, (1983) (ordinarily National Railroad Adjustment Board has exclusive jurisdiction over disputes which arise out of interpetation and application of collective bargaining agreement)[4]; *Gonzalez v. Southern Pacific Transportation Co.*, 773 F.2d 637 (5th Cir.1985) (assertion of claim under federal statute alone is sufficient to empower district court to assume jurisdiction and determine whether in fact claimed right exists). Indeed, plaintiff does not seriously contest removal except as he argues that no separate and independent claim was asserted in his motion.

### B.

■ Ordinarily a claim is not "separate and independent" if it arises from the same loss or actionable wrong, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14–16, 71 S.Ct. 534, 540–541, 95 L.Ed. 702 (1951). Even if more than one wrong exists, "claims are not 'separate and independent' if the wrongs arise from an interlocked series of transactions, i.e., they substantially derive from the same facts," *Lewis v. Louisville & Nashville R. Co.*, 758 F.2d 219, 221 (7th Cir.), *reh'g & reh'g en banc denied*, (1985) (citing *Finn*, 341 U.S. at 14, 71 S.Ct. at 540). "Separate and independent" has been defined as distinct; apart from; self-sustaining; not contingent or conditioned. *Snow v. Powell*, 189 F.2d 172, 174 (10th Cir.1951).

Here, the facts which gave rise to the FELA claim and the facts which gave rise to the RLA claim are different. The FELA claim is based on work place conditions and the alleged negligence of defendant, while the RLA claim is based on plaintiff's actions, the collective bargaining agreement between plaintiff's union and defendant, and possibly defendant's work rules. Moreover, the consequences of plaintiff's alleged injuries and defendant's responsibility and the consequences of plaintiff's alleged false statements are not contingent on each other. *See Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045, 1057 (7th Cir.1983) (Posner, J. dissenting) (only a minimal factual overlap between an FELA claim and a claim for retaliation), *cert. denied*, 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984).

This case is much like *Lewis, supra*. There, the plaintiff filed an FELA action

---

**3.** The restraining order appears to have been obtained in violation of Rule 3.310(B) of the Michigan Court Rules of 1985.

**4.** *See also Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972).

and then amended his complaint to include a claim that his employer retaliated against him and intimidated him for filing the FELA action. The Seventh Circuit held that the FELA claim was premised on the plaintiff's injuries and the negligence of the railroad as a cause, while the retaliation claim alleged a "different wrong and involved a different set of facts", 758 F.2d at 221–222.

Thus, in this case the parties are now proceeding on two sets of tracks. Plaintiff's pursuit of his FELA claim is independent of his dispute with defendant over whether he can be disciplined for the statements he made in his deposition and to the company doctor.

## C.

■ While it is arguable that the FELA claim must be remanded in keeping with the stricture of 28 U.S.C. § 1445(a), there is authority for the proposition that it is removable because 28 U.S.C. § 1441(c) takes precedent. In *Samczyk v. Chesapeake & Ohio Railway Co.*, 643 F.Supp. 79 (E.D. Mich.1986), a removable claim under the Michigan Handicappers' Civil Rights Act, M.C.L.A. § 37.1101 *et seq.* was linked with an FELA claim. The case was initially filed in a Michigan state court and removed to federal court on the grounds of diversity. In denying a motion to remand the district court said that "section 1441(c) prevails over section 1445(a)." *Id.* at 80. The same result obtained in *Hages v. Aliquippa & Southern Railroad Co.*, 427 F.Supp. 889 (W.D.Pa.1977), where an FELA claim was linked with a common law wrongful discharge claim. There the district court not only upheld the removal but promptly dismissed the wrongful discharge claim on the grounds that plaintiff failed to exhaust his administrative remedies under the RLA.

Under 28 U.S.C. § 1441(c) the Court has the discretion of remanding the FELA claim. The Court declines to exercise such discretion. As explained in *Hages, supra,*

> While cases exist in which courts have used their discretion and avoided hearing the pendent state claims, these are the exception and not the rule. Ordinarily

the power is exercised if it is found to exist. 13 *Wright, & Miller [& Cooper], Federal Practice & Procedure* § 3567 at 454 [1975]. The argument for retaining the pendent state claim is stronger when it is closely tied to questions of federal policy (*United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

427 F.Supp. at 894.

Because the Court is not dismissing the RLA claim it is especially appropriate to retain jurisdiction over the FELA claim. It would be a waste of judicial resources to require the parties to proceed in two courts simultaneously.

## III.

■ Plaintiff's request to restrain the RLA proceeding was aimed at preventing his possible discharge. The temporary restraining order should be dissolved; it was improvidently granted. Because this case is still at the pleading stage, and as a result of an inadequate record, the full implications of the grievance and arbitration proceeding which defendant is pursuing are not clear. It would be premature to dismiss the RLA claim even though the administrative remedy in such circumstances is generally considered exclusive. *Kaschak, supra,* 707 F.2d at 904–905.

However, there are circumstances which require judicial intervention in an RLA proceeding. In *Hendley v. Central of Georgia Railroad Co.*, 609 F.2d 1146 (5th Cir.) *reh'g and reh'g en banc denied,* (1980), a railroad employee who assisted a second employee in an FELA action brought suit to enjoin an RLA proceeding in which he was accused of breach of a company rule on the grounds that 45 U.S.C. § 60 prohibited such action. Section 60 prohibits retaliation against "any person . . . furnishing voluntarily . . . information to a person in interest . . ." in an FELA case and makes such action a crime. This sort of activity has been distinguished from that of a railroad employer retaliating directly against an employee who files an FELA action. As explained in *Jackson v. Consolidated Rail Corp., supra:*

There is admittedly a superficial appeal to reasoning that the FELA, particularly those sections stating the right to sue, 45 U.S.C. § 51, and the prohibition against coercing an employee not to volunteer information relative to a fellow employee's FELA action, *id.* § 60, prohibits an employer from discharging an employee in retaliation for filing an FELA action. Such a statute has not, however, been enacted by Congress.

717 F.2d at 1050–1051.

As stated in *Smith v. Atlas Off–Shore Boat Service, Inc.*, 653 F.2d 1057 (5th Cir. 1981), the discharge of an employee in retaliation for filing a personal injury claim undermines public policy. *Id.* at 1061. In *Smith,* the plaintiff filed a Jones Act claim, 46 U.S.C.App. § 688, and included a claim for retaliatory discharge under general maritime law. The *Smith* court stated:

> To permit the seaman's discharge because he resorts to the courts may result in casting the burden of the employer's reprisal in part on the public in the form of unemployment compensation or social security for the worker or his family.

653 F.2d at 1062–63.

Also, it appears that a state law claim for retaliatory discharge may not be preempted by the RLA. *See e.g., Lingle v. Norge Division, Magic Chef,* — U.S. ——, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (state law claim for wrongful discharge not preempted by Labor Management Relations Act (LMRA) § 301); *Atchison, Topeka & Santa Fe Railway Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987) (FELA claim for emotional distress not preempted by RLA); *Merchant v. American Steamship Co.,* 860 F.2d 204 (6th Cir.1988) (general maritime law claim for wrongful discharge not preempted by LMRA § 301).

Since the temporary restraining order is dissolved, the RLA proceeding can now go forward without interruption. Because the Court has not been informed as to how such a proceeding goes forward, i.e., at what stage the employee can be discharged if found guilty, and to prevent the possible contravention of public policy, it is appropriate to restrain defendant from discharging plaintiff until further order of the Court.

The deputy clerk will set a status conference on the FELA claim to set its course to trial.

SO ORDERED.