Gregory W. EDMONDS, Plaintiff,

v.

NORFOLK AND WESTERN RAILWAY COMPANY, Defendant.

Civ. A. No. 1:95–0168.

United States District Court,
S.D. West Virginia
at Bluefield.

April 11, 1995.

90

Francis P. Hajek, Virginia Beach, VA, for plaintiff.

Fred B. Westfall, Jr., Fred Adkins, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, WV, for defendant.

*REVISED MEMORANDUM OPINION*

FABER, District Judge.

Plaintiff, Gregory W. Edmonds ("Edmonds"), has been employed as an engineer by defendant, Norfolk and Western Railway Company ("N & W"), for approximately seven years. On August 1, 1994, while operating Engine No. 6503 in Iaeger, McDowell County, West Virginia, Edmonds slipped and fell, sustaining injuries that required him to miss 112 days of work. Two or three weeks after his accident, Edmonds was visited at home by T.E. White, who is also an N & W engineer. Edmonds told White he had slipped on oil while closing the engine compartment door on Engine No. 6503. White then told Edmonds that White had operated Engine No. 6503 on August 2, the day after Edmonds' accident, and that White had noticed oil and water on the engine that day and had informed appropriate officials at the N & W who took no corrective action.

Edmonds reported this conversation with White to his attorney who interviewed White as a potential witness in a civil action to obtain compensation for Edmonds' injuries. In the course of pressing Edmonds' claim for compensation with the N & W, Edmonds' attorney told N & W officials the substance of White's anticipated testimony. Thereafter, on February 10, 1995, Patricia Huffman, a claims representative with the N & W, interviewed White and took from him a writ-

ten statement in which White essentially repeated what he had told Edmonds. The two N & W employees to whom White claimed he had reported the dangerous condition of Engine No. 6503 both denied White had made such a report. The N & W scheduled a formal investigation, before a hearing officer, pursuant to its agreement with White's union, the Brotherhood of Locomotive Engineers, upon the question of whether White had given a false statement to Huffman.

On or about March 1, 1995, Edmonds filed this civil action in the Circuit Court of McDowell County, West Virginia, seeking compensation for his injuries under the Federal Employers Liability Act ("FELA"), 45 U.S.C. §§ 51–60. A few days later, and before the N & W had filed any responsive pleading, Edmonds moved the Circuit Court of McDowell County for a preliminary injunction prohibiting the N & W from holding the investigation concerning White's statement. The sole ground asserted for the injunction is the contention that the N & W, in violation of 45 U.S.C. § 60, is attempting to intimidate and harass White "to prevent him from communicating with persons in interest concerning the injury to plaintiff...." (Pl.'s Mot. for Prelim. Inj., ¶ 10.) 45 U.S.C. § 60 provides, in pertinent part, as follows:

Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void, and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished by a fine of not more than $1,000

or imprisoned for not more than one year, or by both such fine and imprisonment, for each offense: ....

On March 9, 1995, the N & W removed this action to federal court contending that Edmonds' motion for an injunction grows out of an employment relationship under the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.,* and is governed by that statute. The N & W concedes that under 28 U.S.C. § 1445(a), Edmonds' FELA claim for damages is not removable standing alone, but argues that the Railway Labor Act confers federal question jurisdiction over his injunction claim and makes this entire action, including the FELA claim, removable.

Edmonds moved, on March 21, 1995, to remand this action, contending that 28 U.S.C. § 1445(a),[1] which prohibits removal of any claim against a railroad arising under FELA, including a claim under 45 U.S.C. § 60, renders his injunction claim, as well as his compensation claim, nonremovable. On March 27, 1995, this court held an evidentiary hearing upon Edmonds' motion to remand and motion for preliminary injunction. For the reasons contained in its original Memorandum Opinion filed on March 29, 1995, this court agreed with Edmonds on the jurisdictional issue and entered an Order remanding this action to the Circuit Court of McDowell County, West Virginia, and declining to rule on Edmonds' motion for a preliminary injunction.

The N & W then filed a motion, citing additional authority not previously brought to the court's attention, for the court to reconsider its order of remand.[2] On April 10, 1995, the court denied the motion to reconsider. This revised opinion sets forth the court's reasons for concluding that this case should be remanded to state court and includes a discussion of the additional authorities relied upon by the N & W in its motion to reconsider and supporting memoranda.

---

1. § 1445. Nonremovable actions

 (a) A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States.

2. Plaintiff, by way of his response memorandum, argues that the court has lost jurisdiction and cannot "reconsider" its order remanding this action. Inasmuch as the court finds that it lacks subject matter jurisdiction, it is unnecessary to address plaintiff's argument.

This court was confronted with a similar jurisdictional problem in *Bailey v. Norfolk & Western Railway*, 842 F.Supp. 218 (S.D.W.Va.1994). There, plaintiff employee of defendant railroad brought an age discrimination claim in state court, pleading a violation of the West Virginia Human Rights Act, West Virginia Code § 5–11–9. The N & W removed the case to federal court, contending that plaintiff's state law claim was preempted by Section 3 of the Railway Labor Act, 45 U.S.C. § 153, which commits claims of railroad employees to resolution exclusively by means of arbitration before a Railroad Adjustment Board. This court concluded in *Bailey* that it lacked federal question jurisdiction and remanded the action to state court. The court, relying upon *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), reasoned that the jurisdictional issue is a question to be decided preliminarily to, and separate and apart from, the preemption issue.

In resolving such jurisdictional issues, a plaintiff is entitled to the benefit of the "well-pleaded complaint" rule which stems from *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Under the well-pleaded complaint rule, an action does not arise under federal law unless an assertion based on federal law is an essential part of plaintiff's complaint. *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). It has long been a fundamental proposition of federal jurisdiction that a plaintiff is "master of his own action" and, as such, is free to choose the legal theory upon which his case will proceed. *The Fair v. Kohler Dye & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913).

It is but a short step to extend these principles, upon which *Bailey* was decided, to the present case. In *Bailey*, the plaintiff, as master of his own cause of action, limited it to a state law ground, thereby precluding federal question jurisdiction. It can hardly be questioned that the basis of Edmonds' injunction claim as pleaded in his motion for an injunction is 45 U.S.C. § 60. Moreover, plaintiff's motion seeks only equitable relief,

thus eschewing any other remedy available under the pertinent bargaining agreement. As stated by this court in *Bailey*, "[i]f plaintiff's assertions ... are well-founded, this right [and remedy] exists separate and apart from any collective bargaining agreement...." *Bailey*, 842 F.Supp. at 223.

While 45 U.S.C. § 60 is a criminal statute, *Hendley v. Central of Georgia R.R. Co.*, 609 F.2d 1146 (5th Cir.1980), the courts have held that it will support a civil action for an injunction. *Harper v. Missouri Pacific R.R. Company, et al.*, 264 Ill.App.3d 238, 201 Ill. Dec. 760, 636 N.E.2d 1192 (1994) (issuance of preliminary injunction pursuant to 42 U.S.C. § 60 was proper in that railroad sent letters to all FELA claimants and witnesses to restrict claimants from obtaining information about the facts incident to the injury or death of an employee). Thus, plaintiff has based his claim on a federal statute, but a federal statute nonetheless which Congress has specifically determined will not be subject to removal jurisdiction. *See* 28 U.S.C. § 1445(a).

If plaintiff's claim as pleaded is not removable, under the principles outlined above, defendant cannot make that claim removable by recharacterizing it. The N & W correctly points out that 45 U.S.C. § 60 will not protect an employee who deliberately makes a false statement. *Gonzalez v. Southern Pacific Transp. Co.*, 755 F.2d 1179, 1185 (5th Cir.1985). The contention that White's statement is false is, however, the N & W's principal defense to Edmonds' injunction claim. A defense that raises a federal question is inadequate to confer federal jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). By the same token, a defense that purports to make a nonremovable federal claim removable must likewise come within the ambit of the well-pleaded complaint rule and the principle of the *Merrell Dow* case.

The additional cases cited by defendant in support of its motion to reconsider do not compel a different result. *Hammond v. Terminal Railroad Association of St. Louis*, 848 F.2d 95 (7th Cir.1988), actually supports this court's analysis, for there Judge Posner

points out that a defendant's right to remove a case from state to federal court depends upon the pleading filed by the plaintiff in state court. *Id.* at 97. *Hammond* held that a plaintiff cannot make a removable Railway Labor Act claim nonremovable simply by mislabeling it as a FELA claim. A claim does not arise under FELA, the court said, merely because the plaintiff names that statute in his complaint and omits the claim's true source. *Id.* *Hammond* involved a claim by plaintiff that defendant had brought unwarranted disciplinary charges against him. The court pointed out that, since a FELA claim requires physical contact or the threat thereof, plaintiff's claim as pleaded could not possibly have arisen under FELA. In our case, in sharp contrast to *Hammond,* the claim asserted by plaintiff in his Motion for a Preliminary Injunction stems directly from the specific statutory protection afforded by 45 U.S.C. § 60.

*Dibble v. Grand Trunk Western R.R.,* 699 F.Supp. 123 (E.D.Mich.1988), is, likewise, distinguishable from the case at bar. There, plaintiff, who had filed a FELA case in state court to recover compensation for physical injuries, sought to enjoin a grievance and arbitration proceeding under the Railway Labor Act in which the defendant was seeking to discipline or discharge the plaintiff for making allegedly false statements about his own medical condition. 45 U.S.C. § 60 was not the basis of plaintiff's motion for an injunction or implicated in any way in *Dibble.* The court also notes that in *Dibble* plaintiff did not "seriously contest" the proposition that his motion for an injunction arose under the Railway Labor Act. *Id.* at 125. His sole argument to defeat removal was the contention that the injunction claim was not "separate and independent" from the FELA claim.

 Defendant's other two cases offered in support of its motion to reconsider, *Olechowski v. Norfolk & Western R.R.,* Case No. 93–CV–73456 (E.D.Mich.1993), and *Gemmell v. Consolidated Rail Corp.,* No. 89–1066, 1991 WL 117336, 1991 U.S.Dist. LEXIS 7107 (S.D.Ohio April 12, 1991), are unpublished district court rulings from another circuit which this court respectfully declines to follow. In the opinion of this court, the courts

in both cases improperly recharacterized the plaintiff's claims as ones arising under the Railway Labor Act. As this court pointed out in *Bailey,* for purposes of removal jurisdiction the plaintiff is master of his own cause of action. A plaintiff's characterization of his own claim should be accepted by the court unless he has blatantly mischaracterized it as did the plaintiff in *Hammond* to defeat federal jurisdiction. Additionally, as *Bailey* points out following the United States Supreme Court in *Franchise Tax Board, supra,* the question of federal preemption should be considered separate and apart from the issue of whether federal question jurisdiction exists; otherwise, it is the defendant who controls the nature of the cause of action and the plaintiff is "master of nothing." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 399, 107 S.Ct. 2425, 2433, 96 L.Ed.2d 318 (1987).

 This court, therefore, concludes that Edmonds' claim for a preliminary injunction "arises under" 45 U.S.C. § 60 and not under the Railway Labor Act. Accordingly, Edmonds' claim for an injunction and his claim for compensation under FELA are both barred from removal to this court by the specific provisions of 28 U.S.C. § 1445(a).

This court therefore finds that it lacks subject matter jurisdiction and that this action must be remanded to the Circuit Court of McDowell County, West Virginia. Since this court has concluded that it lacks jurisdiction over the subject matter of this case, it declines to rule on the plaintiff's motion for a preliminary injunction. That motion therefore remains pending as this action is returned to state court.

The Clerk is directed to mail a copy of this Revised Memorandum Opinion to counsel of record and to the Clerk of the Circuit Court of McDowell County, West Virginia.