**Robert E. KINDER, Plaintiff,**

v.

**WISCONSIN BARGE LINE, INC., Defendant.**

**Bankruptcy No. 86–1146C(6).**

United States District Court, E.D. Missouri.

Aug. 1, 1986.

Michael D. O'Keefe, Allen D. Allred, Robert H. Brownlee, Francis X. Buckley, Jr., Thompson & Mitchell, Ronald S. Singer, Richard H. Risse, St. Louis, Mo., for plaintiff.

## ORDER AND MEMORANDUM

GUNN, District Judge.

IT IS HEREBY ORDERED that plaintiff's motion to remand the above-styled action to the Circuit Court for the City of St. Louis be and it is granted. Defendant shall pay the costs incurred by plaintiff as a result of the improper removal.

Plaintiff Robert E. Kinder commenced this action against defendant Wisconsin Barge Line, Inc. (WBL) under the Jones Act, 46 U.S.C. § 688, by filing a petition in the Circuit Court for the City of St. Louis on July 31, 1984. Defendant duly answered in the Circuit Court proceedings and the action proceeded toward a trial setting of July 28, 1986. On January 13, 1986 WBL filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri. On June 2, 1986 WBL filed its petition for removal of the instant cause of action pursuant to 28 U.S.C. § 1452(a). Because this Court finds the jurisdiction conferred upon it by 28 U.S.C. § 157(b)(5) to be discretionary and because actions commenced in state court under the Jones Act are not subject to removal to federal court, *Pate v. Standard Dredging Corp.*, 193 F.2d 498 (5th Cir.1952), *see generally*, C. Black & G. Gilmore, *The Law of Admiralty* § 6–28 (2d ed. 1975), the Court concludes that removal of the action to federal court was improper and remands the action to the Circuit Court for the City of St. Louis.

28 U.S.C. § 1452(a) provides:

A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

It is undisputed that this Court would have original jurisdiction over plaintiff's complaint under either the Jones Act itself, which extends concurrent jurisdiction to state and federal courts, *Engel v. Davenport*, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813 (1926); *Panama R. Co. v. Vasquez*, 271 U.S. 557 (1926), or Title 11 of the United States Code, since this action is one related to the pending bankruptcy proceeding. Were it not, therefore, for the injunction against removal of Jones Act proceedings, the cause would now properly be before this Court.

Defendant's petition for removal ignores that injunction and argues that 28 U.S.C. § 157(b)(5) mandates that this Court take jurisdiction of the instant action. 28 U.S.C. § 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose....

Defendant reasonably reads this statutory language to vest exclusive jurisdiction over tort claims in the district court once proceedings in bankruptcy have commenced. This Court, however, upon consideration of the Bankruptcy Act and its legislative history as a whole, concludes that the language should not be construed in accordance with its "plain meaning," and that § 157(b)(5) should not be read to divest state courts of jurisdiction over personal injury claims already pending before them. *See White Motor Credit v. White Motor Corporation,* 761 F.2d 270 (6th Cir.1985). Section 157 sets forth the parameters of jurisdiction of the newly-established bankruptcy courts; subsection (b)(5) delimits the scope of jurisdiction as between those courts and Article III courts, *see In re Johns-Manville Corp.,* 45 B.R. 823 (S.D.N.Y.1984), without stripping state courts of traditional jurisdictional powers. The policies furthered by retention of state court jurisdiction over pending personal injury claims elaborated in *White Motor Credit,* 761 F.2d at 273–74, more strongly command remand of the instant action, over which this Court could not even arguably assert removal jurisdiction were it not for the proceedings in bankruptcy.