**James Anthony KADEL and Roberta Kehren Kadel**

v.

**Donald THOMPSON; Elizabeth Thompson; Judy Beaver, d/b/a J & G Property Management, Inc.; Eugene Beaver, d/b/a J & G Property Management, Inc.; HDC Builders, Inc.; J. Tony Britt; Britt Home Furnishings, Inc.; Hillside Properties, Inc.**

No. 1:87-cv-747-CAM.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 18, 1988.

As Amended March 30, 1988.

Hirsch Friedman and Kathleen Marie Womack, Atlanta, Ga., for James Anthony Kadel and Roberta Kehren Kadel.

Stephen Leroy Cotter, Swift Currie McGhee & Hiers, Atlanta, Ga., for Donald and Elizabeth Thompson.

J. Kenneth Moorman, Long, Weinberg, Ansley & Wheeler, and George M. Geeslin, Norton, Pennington, & Goetz, Atlanta, Ga., for Hillside Properties, Inc., J. Tony Britt and Britt Home Furnishings, Inc.

Walt M. Britt, Pruitt & Britt, Buford, Ga., for Judy Beaver and Eugene Beaver, d/b/a J & G Property Management.

## ORDER

MOYE, Senior District Judge.

The above-styled case is before this court on a motion to dismiss for lack of subject matter jurisdiction by defendants Hillside Properties, Inc., J. Tony Britt, Britt Home Furnishings, Inc., Donald Thompson and Elizabeth Thompson. The defendants argue that this court does not have the power to hear the instant case. While the court does not agree with the movants' assertion that subject matter jurisdiction is lacking,

the court nevertheless is of the opinion that the above-styled case should be dismissed on the grounds that 28 U.S.C. § 157(b)(5) in no way vitiates this court's power under 28 U.S.C. § 1334(c)(1) to abstain, in the interest of comity, from hearing a particular proceeding related to a bankruptcy case. Thus, the court believes that it does have subject matter jurisdiction over the instant case. The court, in dismissing this action, is simply exercising its discretion not to hear the case.

### STATEMENT OF FACTS

The instant action was originally filed on December 16, 1986, in the United States Bankruptcy Court for the Northern District of Georgia pursuant to 28 U.S.C. § 157(c)(1)[1] as an adversary non-core proceeding related to plaintiffs' Chapter 7 pending in that court. The plaintiffs allege in their complaint that on or about August 12, 1985, plaintiff Roberta Kadel, as a result of the negligence of the defendants in failing properly to maintain the premises which the plaintiffs were leasing from the defendants, received physical injuries when the deck attached to the premises became detached and fell with her to the ground. As a result of the injury, the plaintiffs incurred substantial medical bills and lost income and filed for protection under the bankruptcy laws.

On April 13, 1987, the defendants moved the bankruptcy court to withdraw the Order of Reference with regard to the above-styled case pursuant to 28 U.S.C. § 157(b)(5).[2] On May 14, 1987, this court entered a consent order by which the reference of the instant case was withdrawn from the bankruptcy court to this court. The defendants now seek to dismiss this action from federal court on the ground that this court lacks subject matter jurisdiction.

On December 14, 1987, this court issued an order directing the parties to brief the issue of whether the plaintiffs would be barred by the applicable statutes of limitations when attempting to refile their suit in state court. In response to that order, the defendants have acknowledged that O.C.G.A. § 9–2–61(a) would apply in the event that Mrs. Kadel refiles a personal injury claim and that, pursuant to that statute, Mrs. Kadel would have six (6) months after this dismissal to refile suit in that court. Since the occurrence in question took place on August 12, 1985, the four year statute of limitations for Mr. Kadel's claim for loss of consortium has not expired and he would have four years from August 12, 1985 to refile an action for loss of consortium. It is in reliance on the defendants' representation that the plaintiffs will not be barred by the statute of limitations should they elect to refile their claims in state court that this court exercises its discretion to dismiss this action.

### DISCUSSION

■ The issue which the parties have presented to this court for resolution is whether 28 U.S.C. § 157(b)(5) compels a federal district court to hear a personal injury lawsuit based on state law tort theories when such lawsuit was originally filed by the debtors as an adversary non-core proceeding related to the debtors' bankruptcy and which lawsuit has no independent grounds (e.g. diversity, federal question) for establishing jurisdiction in federal court. While there have been no cases reported with facts identical to those presented here, there have been cases in

1. 28 U.S.C. § 157(c)(1) states:
   A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11. In such proceeding, the bankruptcy judg eshall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

2. 28 U.S.C. § 157(b)(5) states:
   The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

which the courts have had the opportunity to address the scope and meaning of 28 U.S.C. § 157(b)(5). Those cases, taken together with the legislative history explaining section 157, lead this court to conclude that the federal district courts, absent diversity or federal question jurisdiction, are not required to hear lawsuits involving state law tort issues when such lawsuits are filed in bankruptcy court as non-core proceedings related to a bankruptcy.

As a starting point in the court's analysis, it is helpful to examine those cases which have dealt with section 157. In *In re White Motor Credit*, 761 F.2d 270 (6th Cir.1985), the United States Court of Appeals for the Sixth Circuit was called upon to address the merits of a debtor's contention that 28 U.S.C. § 157(b)(5) required the district court where the bankruptcy was filed to take control and dispose of all pending contingent tort claims against the debtor. In *White Motor*, approximately 160 separate products liability personal injury cases had been filed in various state and federal courts against the debtor. The Sixth Circuit, in upholding the district court's determination that the suits could be litigated in the courts where they were pending, discussed in detail the conundrum raised by the language of section 157(b)(5). As the court in *White Motor* points out, the language of § 157(b)(5) is puzzling when read in conjunction with the abstention provisions of 28 U.S.C. §§ 1334(c)(1) [3] and (2).[4] As the Sixth Circuit elucidated in *White Motor*, any interpretation of the language of § 157(b)(5) must take into consideration the fact that 28 U.S.C. §§ 157(b)(2)(B) and (b)(4) [5] specifically exempt personal injury claims from the mandatory abstention provisions (28 U.S.C. § 1334(c)(2)) but remain silent on the question of whether personal injury claims filed in connection with a bankruptcy are subject to the discretionary abstention provisions of the Bankruptcy Code (28 U.S.C. § 1334(c)(1)).[6] *See White Motor* at 272.

3. 28 U.S.C. § 1334(c)(1), the discretionary abstention provision, provides:
Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

4. 28 U.S.C. § 1334(c)(2), the mandatory abstention provision, provides:
Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subjection shall not be construed to limit the applicability of the stay provided for by Section 362 of Title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

5. 28 U.S.C. § 157(b)(2)(B) provides:
Core proceedings include, but are not limited to—
.   .   .   .   .
(B) Allowance or disallowance of claims against the estate or exemptions from property

of the estate, and estimation of claims or interest for the purposes of confirming a plan under Chapter 11 or 13 of Title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under Title 11;
28 U.S.C. § 157(b)(4) provides:
Non-core proceedings under Section 157(b)(2)(B) of Title 28, United States Code, shall not be subject to the mandatory abstention provisions of Section 1334(c)(2).

6. The court hastens to point out that there is some doubt as to whether the personal injury action presently before the court is in fact a "non-core" proceeding as that term is indirectly defined by 28 U.S.C. § 157(b)(2)(B). The court points out that § 157(b)(2)(B) excludes from the definition of a "core proceeding" the "liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims *against* the estate for purposes of distribution in a case under title 11" (emphasis added). Here, of course, the *debtors* have filed the personal injury action and thus the personal injury claim is not "against the estate." The significance of this distinction is that 28 U.S.C. § 157(b)(4) exempts only non-core proceedings as defined in § 157(b)(2)(B) from the mandatory abstention provisions of § 1334(c)(2). Thus, if the instant personal injury action does not meet the definition of a non-core proceeding under § 157(b)(2)(B), the mandatory abstention provisions of § 1334(c)(2) might well apply.

As the Sixth Circuit found in *White Motor*, this court finds significant the fact that Congress chose, via section 157(b)(4), to remove personal injury tort cases from the ambit of mandatory abstention but not discretionary abstention. This fact, coupled with the legislative history which supports the view that section 157 allows for abstention in personal injury cases,[7] leads this court to hold that section 157(b)(5) was not intended to confer jurisdiction on the federal district courts to hear cases that those courts otherwise do not have the power to hear.

Further support for this court's reasoning can be found in the case of *Kinder v. Wisconsin Barge Line, Inc.*, 69 B.R. 11 (E.D.Mo.1986). In *Kinder*, the plaintiff filed an action under the Jones Act in state court against Wisconsin Barge Line, Inc. Before trial, the defendant filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri. The defendant then sought to remove the action to federal court despite the well-settled principle that Jones Act actions brought in state courts are not subject to removal. The defendant argued that despite the injunction against removal, 28 U.S.C. § 157(b)(5) mandated that the district court take jurisdiction over the action. In rejecting the defendant's argument, the court stated:

> Defendant reasonably reads [157(b)(5)'s] statutory language to vest exclusive jurisdiction over tort claims in the district court once proceedings in bankruptcy have commenced. This court, however, upon consideration of the Bankruptcy

Act and its legislative history as a whole, concludes that the language should not be construed in accordance with its "plain meaning," and that § 157(b)(5) should not be read to divest state courts of jurisdiction over personal injury claims already pending before them.... Section 157 sets forth the parameters of jurisdiction of the newly-established bankruptcy courts; subsection (b)(5) delimits the scope of jurisdiction as between those courts and Article III courts ... without stripping state courts of traditional jurisdictional powers.

69 B.R. 11, 13 (citations omitted).

While *Kinder*, like *White Motor*, can be distinguished from the instant case on the grounds that in those cases personal injury claims against the debtors were already pending in state courts whereas in this case the personal injury claim was filed not in state court but in bankruptcy court, the court nevertheless finds persuasive the reasoning of the *Kinder* and *White Motor* cases. The court finds the reasoning in those cases helpful in establishing that section 157(b)(5) was not intended to expand federal court jurisdiction nor strip state court jurisdiction but rather was intended to specifically limit what the bankruptcy courts shall have the power to hear. *See Kinder* at 13.

■ Having concluded that section 157(b)(5) does not operate independently of § 1334(c)(1), the court has only to decide whether it should exercise its discretion to hear the personal injury case before it. Section 1334(c)(1) authorizes abstention "in the interest of comity with State courts or

---

Because the court finds that the discretionary abstention provision in § 1334(c)(1) operates here, the court does not need to reach the issue of whether Congress intended the courts to distinguish between personal injury claims by the estate as opposed to "against the estate" in determining whether the mandatory abstention provisions of § 1334(c)(2) apply.

7. As the court in *White Motor* points out, "the apparent conflict between sections 157(b)(5) and 1334(c)(1) of Title 28—the first of which requires tort cases to be tried in federal courts and the second of which allows them to be referred to the courts in which they are pending—came out of the Conference Committee as

a compromise after the House and the Senate passed differing bankruptcy bills." *Id.* at 273. The only language bearing on the Committee's compromise that this court has been able to find is from Senator Dole in debate: "... The result of the Conference discussion was a provision that preserved the integrity of bankruptcy jurisdiction *while allowing abstention of personal injury cases* where they can be timely adjudicated in state courts. In addition, where abstention does not occur, those cases will be handled by the district court when bankruptcy has been filed or, if that court finds it appropriate, where the claim arose." 130 Cong.Rec. S8889 (daily ed. June 29, 1984) (emphasis added).

respect for state law." In the instant personal injury action, issues of state law predominate. In the interests of comity and respect for state law, this court declines to exercise jurisdiction over the instant case. *See In the Matter of Wood,* 825 F.2d 90, 93 (5th Cir.1987) (Wisdom, J.) ("The abstention provisions of the [Bankruptcy] Act demonstrate the intent of Congress that concerns of comity and judicial convenience should be met ... by the discretionary exercise of abstention when appropriate in a particular case"); *cf. United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (in pendent jurisdiction cases federal courts should hesitate to exercise jurisdiction when "state issues substantially predominate").

In sum, the court, pursuant to its authority under 28 U.S.C. § 1334(c)(1), dismisses this suit in the interest of comity.