**Richard BROUGHTON, Individually and for the use and benefit of Executive Risk Consultants, Inc., Plaintiffs,**

v.

**The CELOTEX CORPORATION, Defendant.**

**No. 95–8–MISC–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

July 11, 1995.

Michael R. Barnett, Michael Barnett, P.A., Tampa, FL, for plaintiffs.

Jeffrey W. Warren, Jeffrey P. Greenberg, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for defendant.

## Order

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's Motion for Designation of Venue For Jury Trial (Docket No. 1), Counsel's Certification in Support thereof (Docket No. 6), and Defendant's Opposition thereto (Docket No. 2). Plaintiff seeks leave from this Court to retain venue for his negligence action against Defendant within the Circuit Court in and for Duval County, Florida.

## Facts

The plaintiff in this case, Richard Alan Broughton ("Broughton"), sued the defendant, The Celotex Corp. ("Celotex"), for negligence in connection with injuries he suffered while delivering materials to Celotex. Broughton incurred his injuries within the scope of his employment. As a result, he has been receiving payments from his employer's workman's compensation carrier, Executive Risk Consultants, Inc., which has become subrogated to Broughton's rights against Celotex. The injuries occurred in March, 1993 in the Celotex plant located in Jackson-

ville, and Broughton brought his suit in the Circuit Court in and for Duval County, Florida in July, 1993.

Celotex filed for relief under Chapter 11 of the United States Bankruptcy Code on October 12, 1990, and since then has been under the protection of the United States Bankruptcy Court, Middle District of Florida, Tampa Division. On October 17, 1990, the Bankruptcy Court issued an automatic stay of all claims against Celotex. After Broughton moved for relief from the stay, the Bankruptcy Court entered an order modifying the stay on October 31, 1994. Pursuant to 28 U.S.C. Sections 157(b)(5), 1409–1412 and Bankruptcy Rule 9027, the court lifted the stay so as to allow Broughton to proceed with the action after a determination is made in the United States District Court for the Middle District of Florida as to the proper jurisdiction. Accordingly, Broughton filed a Motion for Designation of Venue for Jury Trial (the "Motion for Designation") on January 25, 1995.

Although Section 157(b)(5) requires a plaintiff to file such a Motion for Designation in the division of the court where the bankruptcy is pending (in this case Tampa), Broughton filed his motion in the Jacksonville Division. Celotex filed a motion to transfer the proceedings to the Tampa Division, which was granted in a February 10, 1995, order by a District Court Judge of the Jacksonville Division. This Court must therefore rule on the merits of Broughton's original Motion for Designation (Docket No. 1), his Certification in Support thereof (Docket No. 6 filed February 14, 1995), and Celotex's Response (Docket No. 2).

### Discussion

The parties agree that the dispute arises out of a conflict between two (2) sections of the United States Bankruptcy Code, 28 U.S.C. Sections 1334(c)(1) and 157(b)(5). They also agree that the resolution of the dispute hinges on the precise significance of the controlling case law in this area, *Citibank, N.A. v. White Motor Corp. (In re White Motor Credit)*, 761 F.2d 270 (6th Cir.

1985), which has been employed by all circuits in analyzing the statutory conflict.

Section 157(b)(5) provides:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

If this section stood alone, therefore, it would be clear that this Court had the option to choose only between the Tampa and Jacksonville Divisions of the District Court for venue in the case. However, Section 1334(c)(1) permits the district court to abstain from hearing a particular proceeding arising under Title 11. Such a determination may be made "in the interest of justice or in the interest of comity with state courts or respect for state law".

*White Motor Credit* analyzed this conflict in favor of the discretionary abstention allowed by Section 1334(c)(1). Citing the legislative history surrounding the law, and especially the remarks of Senator Dole, the Sixth Circuit Court of Appeals held that the district courts do have the authority to leave personal injury cases where they are pending in state courts. Quoting Senator Dole, the court stated, "the act 'allows abstention for personal injury cases' and only 'where abstention does not occur' will the requirements for adjudication in a district court take effect". *Id.* at 273.

Celotex appears to concede the discretionary character of district court adjudication, but argues that the facts of *White Motor Credit* restrict its application to "complex factual and procedural circumstances radically different from the instant situation". *Response and Memorandum*, p. 4. *White Motor Credit* involved approximately 160 distinct lawsuits, some involving multiple plaintiffs, in contrast to the single lawsuit involving a single plaintiff in the present case. Moreover, state court proceedings had already begun in *White Motor Credit*, unlike the case here, which was stayed immediately upon filing of the lawsuit.

Although the complexity of the litigation in *White Motor Credit* is clearly a significant factor in the court's ruling, other cases emphasize comity with state courts and respect for state law. See, for example, *Kadel v. Thompson*, 84 B.R. 878, 881 (N.D.Ga.1988): "In the instant personal injury action, issues of state law predominate. In the interests of comity and respect for state law, this court declines to exercise jurisdiction over the instant case". From this perspective, the fact that Broughton's lawsuit is a simple personal injury negligence action is irrelevant. The controlling law in this action is unambiguously Florida state law.

Celotex also argues that to allow Broughton's action to remain in state court would be contrary to the the spirit of the Section 105 automatic stay whose purpose is to minimize the dissipation of a bankruptcy estate's assets arising from litigation in multiple forums. Celotex argues that, for reasons of justice, judicial economy, costs to the bankruptcy estate and its own convenience, the action should be removed to the Tampa Division, which is the site of the underlying bankruptcy action. For similar reasons of justice, personal expense and convenience, including the presence of witnesses in the Jacksonville area, Broughton seeks to have the action remain in state court.

### Conclusion

As noted *supra*, Section 157(b)(5), while apparently mandating that personal injury cases arising out of bankruptcy proceedings be tried in federal district court, allows the district court in which the bankruptcy case is pending to choose between (2) two forums. The case may be tried either in the district court in which the bankruptcy case is pending, or in the court in which the claim arose. Given that all the factual issues in the case center in Jacksonville, the plaintiff lives in Jacksonville, and the defendant conducts business there, it would seem appropriate—as between the Tampa and Jacksonville Divisions—to try the case in Jacksonville.

Since the trial will in any case be removed from the site of the underlying bankruptcy action, the next question then becomes whether the case should be tried in United States District Court or should remain in the Duval County Circuit Court, as allowed by Section 1334(c)(1). Broughton's cause of action entirely involves issues of state law. It neither involves diversity of citizenship nor raises any federal question, and therefore could not originate in federal court except for its connection to the Celotex bankruptcy. Under the circumstances, comity and respect for state law suggest that the action should remain in state court. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Designation of Venue for Jury Trial be **GRANTED,** and the Circuit Court in and for Duval County Florida be **DIRECTED** to retain jurisdiction.

DONE AND ORDERED.