An appropriate order will enter.

Barbara SHERMAN

v.

**GULF PRIDE MARINE SERVICES, INC.**

**Civil Action No. 95–4017.**

United States District Court, E.D. Louisiana.

Feb. 21, 1996.

Robert J. Young, Jr., Timothy J. Young, Young, Richaud, Theard & Myers, New Orleans, LA, for Barbara Sherman.

William Bryon Schwartz, William Daniel Wellons, Burke & Mayer, New Orleans, LA, for Gulf Pride Marine Services, Inc.

John M. Futrell, Richard Marshall Perles, Kops, Lee, Futrell & Perles L.L.P., New Orleans, LA, for Lloyds, London & Ilu Companies.

Gerard T. Gelpi, G. Beauregard Gelpi, Gelpi, Sullivan, Carroll & Gibbons, P.L.C., New Orleans, LA, for Fireman's Fund.

### ORDER

SEAR, Chief Judge.

Considering plaintiff Barbara Sherman's "Motion for Remand, and Alternatively Motion for Abstention under 28 USCA 1334(c)" and the opposition filed by defendant Gulf Pride Marine Services, Inc.

I find that the Fifth Circuit has not decided whether the prohibition against removal of Jones Act cases applies when there exists an independent basis for removal under the bankruptcy "related to" statute. *See* 28 U.S.C. § 1334; 28 U.S.C. § 1452. However, I find the reasoning in *Kinder v. Wisconsin Barge Line, Inc.,* 69 B.R. 11 (E.D.Mo.1986), to be correct and, therefore, conclude that the general prohibition against removal of Jones Act cases does apply in this case. Although the parties expend considerable effort discussing the doctrine of abstention, my disposition of the plaintiff's motion obviates the need to reach this issue. Accordingly,

IT IS ORDERED that plaintiff's motion is GRANTED and that the case is hereby REMANDED to state court for further proceedings.