In re Ronald D. DURHEIM, d/b/a Alaska Aquatics of Anchorage, and Juanita Laverne Durheim, Debtors.

Glenda L. SANTOS, as Personal Representative of the Estate of Michael W. Santos; and Glenda L. Santos and Carissa N.P. Ehrenfried, Individually, Plaintiffs,

v.

Ronald D. DURHEIM and Alaska Aquatics of Anchorage, Inc., Defendants.

Ronald D. DURHEIM and Alaska Aquatics of Anchorage, Inc., Plaintiffs,

v.

David NORTON, Defendant.

No. A97–00829–DMD.
No. A97–0403 CV (JKS).

United States District Court. D. Alaska.

Oct. 24, 1997.

Daniel F. Fitzgerald, Atkinson Conway & Gagnon, Anchorage, AK, for Plaintiffs.

R. Eldridge Hicks, Hicks Boyd, Anchorage, AK, for Defendants.

## ORDER

JAMES K. SINGLETON, Jr., Chief Judge.

Glenda L. Santos, as personal representative of the Estate of Michael W. Santos, and Glenda L. Santos and Carissa N.P. Ehrenfried, individually, (collectively "Santos") brought this action for the wrongful death of Michael W. Santos against Ronald Durheim and Alaska Aquatics of Anchorage, Inc., (collectively "Durheim") in state superior court in Nome. The action was filed on May 20, 1996. The complaint alleges that Durheim negligently recruited Michael W. Santos to work as a commercial diver for David Norton during the 1995 Norton Sound herring fishery. According to the complaint, Durheim provided only one day of training to Michael Santos and supplied him with the equipment for the job knowing Santos was unqualified as a commercial diver. The complaint includes counts for negligence, negligent entrustment, strict liability, breach of implied warranty and punitive damages, but no federal claims denominated as such. Durheim brought a third-party action against fisherman David Norton, seeking an apportionment of fault under Alaska law.

Durheim is insured, and has a one-million dollar liability policy. He is represented by counsel in this proceeding. Trial of the state court action was scheduled for December 1, 1997. On August 25, 1997, four days before the close of discovery in the state court litigation, Durheim filed a Chapter 7 petition with this Court. In conformity with applicable local rules, the petition was transferred to the United States Bankruptcy Court. Two days later, Santos filed a motion for relief from stay. The motion was opposed by

the debtors and went to hearing on September 18, 1997. Relief from stay was granted and the state court litigation was allowed to proceed. On the same day, Durheim caused the state court action to be removed to bankruptcy court. In the notice of removal, Durheim prayed that the action be removed to federal district court, relying upon 28 U.S.C. §§ 1441(a) and (b) which provide:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

For jurisdiction, Durheim relied on 28 U.S.C. § 1334(a): "Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11."

Durheim also filed a pleading entitled "Request for Order Transferring Case to U.S. District Court" on September 23, 1997. Durheim relied on 28 U.S.C. § 157(b)(5) which provides:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

In response, Santos filed a motion to abstain and remand and requested a hearing on shortened time. The motion to abstain was set for hearing before the bankruptcy court on September 26, 1997. Third-party defendant David Norton joined in Santos' motion to abstain. The motion to abstain was brought pursuant to 28 U.S.C. § 1334(c)(1) which provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.[1]

The bankruptcy court carefully considered the arguments of the parties and concluded that this matter should be transferred to the district court because it involves a personal injury or wrongful death action, but that the district court should abstain under § 1334(c)(1). In reaching its conclusions, the bankruptcy court reasoned that in context a transfer amounts to a withdrawal of reference. See 28 U.S.C. § 157(a). The bankruptcy court concluded that § 157(b)(5) made withdrawal of the reference and transfer mandatory. Neither party seems to question this result.

The bankruptcy court recognized that the difficult question was whether, given transfer, the district court should abstain and remand the case to the state superior court in Nome. Courts have consistently interpreted the transfer provision to permit a district

---

1. Title 28 of the United States Code, section 1334(c)(2) which provides for mandatory abstention would appear applicable to this case but for 28 U.S.C. § 157(b)(4) which states "non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)." Title 28 of the United States Code, section 157(b)(2)(B) provides:

> [A]llowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 [are core proceedings] but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11 [which are non-core proceedings].

court to abstain and remand a wrongful death action to state court. *See, e.g., In re Pan American Corp.,* 950 F.2d 839, 844–45 (2nd Cir.1991). The bankruptcy court carefully applied the criteria set out in *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162 (9th Cir.1990), and concluded that this was a proper case for abstention. The bankruptcy court incorporated its findings and conclusions in a report and recommendation filed on October 1, 1997, which is now ripe for consideration by this Court. Durheim filed objections to the report and recommendation on October 6, 1997, which are also ripe for consideration.

■ First, it appears clear that the bankruptcy court was correct in concluding that wrongful death actions must be transferred to the federal district court and that transfer does not preclude abstention. It also appears clear, and Durheim does not dispute, that a balancing of the *Tucson Estates* criteria strongly militate in favor of abstention in this case. Durheim, however, makes two interrelated arguments. The first, which relies on reasoning that is best expressed in *In re Pan American Corp.,* is that where a personal injury or wrongful death action depends upon federal law (*i.e.,* where the federal court would have exclusive jurisdiction), abstention is improper. In such a circumstance, the rules of decision would be federal, and no need for comity would arise. Durheim argues that the gravamen of Santos' action is a wrongful death claim by a seaman arising on the high seas. Santos disputes this, arguing that the decedent was a diver, not a seaman, but it is not necessary to resolve this dispute. Suffice to say that Santos' action in state court did not rest on any federal claim. All of the claims are state law claims.[2]

■ Regardless of whether Santos' claims sound in state law or federal law, there is a strong Congressional policy against removal of maritime claims where this court has concurrent jurisdiction, including maritime personal injury claims, where the injured party is a seaman protected by the Jones Act. *See* 46 U.S.C.App. § 688. Congress has specifically authorized concurrent jurisdiction over maritime *in personam* claims in state court through the savings to suitors clause, 28 U.S.C. § 1333(1), effectively assuring a plaintiff her choice of forum. *See Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 359–81, 79 S.Ct. 468, 473–85, 3 L.Ed.2d 368 (1959); *In re Chimenti,* 79 F.3d 534, 536–38 (6th Cir.1996); *Servis v. Hiller Systems Inc.,* 54 F.3d 203, 206–07 (4th Cir.1995), *cert. denied,* 516 U.S. 1084, 116 S.Ct. 799, 133 L.Ed.2d 747 (1996); *Linton v. Great Lakes Dredge & Dock Co.,* 964 F.2d 1480, 1488 (5th Cir.), *cert. denied,* 506 U.S. 975, 113 S.Ct. 467, 121 L.Ed.2d 375 (1992); *In re Dutile,* 935 F.2d 61, 62–63 (5th Cir.1991). As the court in *Chimenti* stated, "[s]ection 1333, which provides a basis for federal jurisdiction in *in personam* actions if the claimant so chooses, provides no basis for removal if the claimant does not so choose." *In re Chimenti,* 79 F.3d at 537–38 (citing 14 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION §§ 3672, 3674 (1985)).

■ The same rule applies to Jones Act claims. Section 1445(a) specifically prevents removal of an action in state court against a railroad or its receiver or trustee arising under 45 U.S.C. §§ 51–60. *See* 28 U.S.C. § 1445(a). Congress has provided that the federal statutes protecting railroad workers are equally applicable to seamen protected by the Jones Act. *See* 46 U.S.C.App. § 688. Therefore, courts have uniformly held that Jones Act claims are not removable to federal court. *See, e.g., Pate v. Standard Dredging Corp.,* 193 F.2d 498, 500 (5th Cir.1952). Courts have also held that while not governed by § 1445, maritime actions for maintenance and cure are also not removable. *See Gonsalves v. Amoco Shipping Co.,* 733 F.2d 1020 (2nd Cir.1984); *Skaw v. Lady Pacific, Inc.,* 577 F.Supp. 2 (D.Alaska 1983).

■ An action commenced in state court under the Jones Act cannot be removed to federal court even if the defendant in the

---

2. However, it should be noted that there is authority for preemption of state law remedies under the Jones Act. In *Miles v. Apex Marine Corp.,* 498 U.S. 19, 26, 111 S.Ct. 317, 322, 112 L.Ed.2d 275 (1990), the United States Supreme Court made clear that "the Jones Act pre-empts state law remedies for the death or injury of a seaman."

state court action subsequently files for Chapter 11 relief and even if the federal court would have had original jurisdiction under the Jones Act or bankruptcy statutes. *See Kinder v. Wisconsin Barge Line, Inc.,* 69 B.R. 11 (E.D.Mo.1986); *Sherman v. Gulf Pride Marine Services, Inc.,* 192 B.R. 410 (E.D.La.), *appeal dismissed,* 102 F.3d 551 (5th Cir.1996); *cf. Lirette v. N.L. Sperry Sun, Inc.,* 820 F.2d 116, 117–18 (5th Cir.1987) (noting issue). Thus, Durheim is on the horns of a dilemma. If Santos' claims are construed as state law tort claims, then this action was properly removed pursuant to 28 U.S.C. § 1334(a), but this Court should abstain and remand to the state court. *See, e.g., Broughton v. Celotex Corp.,* 183 B.R. 945, 948 (M.D.Fla.1995); *Kadel v. Thompson,* 84 B.R. 878 (N.D.Ga.1988). On the other hand, if as Durheim contends, Santos' claims are really Jones Act claims masquerading as state law claims, then removal was improper and this Court should remand and assess costs against Durheim for improper removal. In neither case should this Court retain jurisdiction over Santos' claims.

## CONCLUSION

Congress and the United States Supreme Court have made clear that no admiralty or maritime claim brought in state court under the savings to suitors clause can be removed to federal court even if admiralty or maritime law will provide the rule of decision. Court decisions have extended this prohibition on removal to actions brought under the Jones Act.[3] This Court would have been available to try this action in December before a Nome jury. Judge Esch, the presiding judge of the Alaska Superior Court at Nome, has informed this Court that he will be trying cases in Barrow during that period of time, so the courtroom in Nome is also available. However, the strong federal prohibition against removal of maritime claims requires that this Court abstain under 28 U.S.C. § 1334(c)(1).

**IT IS THEREFORE ORDERED:**

This Court will abstain from further proceedings in this matter. *See* 28 U.S.C. § 1334(c)(1). This action is therefore remanded to the Alaska Superior Court for the Second Judicial District at Nome. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

---

**3.** Durheim notes that Santos has not sued his employer and consequently the Jones Act would appear irrelevant. Durheim overlooks the fact, however, that there is a general prohibition on removal of all admiralty and maritime actions first brought in state court in the absence of an independent ground such as diversity of citizenship or independent non-maritime federal jurisdiction. There is no diversity of citizenship in this case and the courts that have addressed the issue indicate that given this Court's power to abstain, Title 11 does not provide a sufficient independent basis for retaining this type of case in federal court.